REDMANN, Chief Judge.
May the Louisiana State Racing Commission suspend one person’s license for three years notwithstanding that on the same day it suspended another “for only one year although he was charged with the same [kind of] violation”? Answering yes, we reverse the trial court’s contrary ruling.
A prohibited drug, mephentermine, was present in the post-race urine of plaintiff trainer’s horse and plaintiff does not dispute defendant’s authority to suspend him for that reason. Plaintiff’s petition alleged that another “charged with the same violation” was suspended only one year, and defendant’s answer was that that allegation “require[d] no answer inasmuch as the record will speak for itself.” The record provided by defendant does not, however, show what the other person’s violation was, but only that the track stewards’ ruling as to that person was No. 128 while that of plaintiff was No. 133. The record shows that the two matters related to two different trainers of two different horses. Thus the allegation concerning another “charged with the same violation” is not denied by the record except in the sense that plaintiff’s drug violation was of one horse and the other trainer’s was of another horse. Plaintiff’s allegation must therefore be deemed to that extent admitted, La.C.C.P. 1004. The record does show (without specifying the violation) that plaintiff was suspended three years while the other trainer plaintiff named was suspended one year.
On the other hand, defendant’s letter to a national association reporting actions at the meeting at which plaintiff was suspended three years, made part of the record, shows other penalties were revocation of license; suspension for life and a $5,000 fine; suspension for 30 days and a $1,000 fine; suspension for 18 months and a $1,000 fine; suspension for three years and a $1,000 fine; suspension for three years; suspension for one year. Moreover, the state steward’s letter to the University of Kentucky’s testing laboratory and its reply show that four of six different specimens contained the same drug plaintiff’s horse had, suggesting that the commission acted on four such cases at the one meeting (and two others of two other drugs).
The record does not show whether or not the defendant commission knew of plaintiff’s prior suspension for a drug violation at a Texas track, although defendant’s answer in this suit attaches as part of the “record” a computer print-out showing the prior suspension, but dated after the defendant’s meeting which imposed the three-year suspension. The print-out’s date might, however, be wrong and the commissioners might have been in fact aware of the prior violation from another source.
In any event, the mere circumstances that a lesser penalty has been imposed in one other case (among four such cases?) does not amount to a showing that defendant’s penalizing of plaintiff was “arbitrary or capricious or abuse of discretion or clearly unwarranted exercise of discretion,” La. R.S. 49:964(G)(5).
The trial judge did note that the commission first voted “indefinite suspension, then on reconsideration changed their vote to a three-year suspension on nothing more than an unsupported motion by a commissioner.” Perhaps the trial judge deemed that change arbitrary; but the change was no more “unsupported” than the original motion. The transcript shows that the commission had presented to it by its counsel the “entire record in this matter.” Thereafter, with no testimony and no discussion, one member moved that plaintiff, who had not appeared at the meeting, be suspended “indefinitely until he makes an appearance before this commission.” Counsel advised that plaintiff had been notified, but was not obliged to attend. The mover responded “Well, I’m disappointed that he didn’t. But I’ll stick by the motion that we suspend him indefinitely....” That motion passed. Later (immediately after the commission reconsidered the three-year suspension first voted the other trainer plaintiff named and reduced it to one year), one member moved reconsideration of plaintiff’s case “because we put him off indefinite, and I would like to reopen the case and put a time on it.” *359 Evidently, in the trial judge’s view it was not the change from indefinite to definite that was arbitrary, but the three-year suspension compared to another trainer’s one year: the trial judge did not restore the original indefinite suspension but merely reduced the period of the definite suspension to the same one year period that the other trainer got.
This record does not support the conclusion that the different treatment of plaintiff and another was arbitrary. This record contains almost nothing about the other’s case (although it does indicate that the other was 15 years younger than plaintiff). Plaintiff has not borne his burden of proof.
Reversed.