490 So.2d 1097 (1986)
Houston David HUGHES, D.D.S.
v.
LOUISIANA STATE BOARD OF DENTISTRY.
No. CA-4589.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
Rehearing Denied July 16, 1986.
*1099 Arthur A. Lemann, III, Lemann, O'Hara & Miles, New Orleans, and Frank H. Dickinson, III, Baton Rouge, for appellant.
Guy Wootan, Wootan & Stakelum, New Orleans, for appellee.
Before BARRY, CIACCIO and LOBRANO, JJ.
LOBRANO, Judge.
This appeal arises out of the December 21, 1984 ruling of the Louisiana State Board of Dentistry finding Dr. Houston David Hughes guilty of seven (7) counts of violating LSA R.S. 37:776(10).
On June 20, 1985, the Civil District Court for the Parish of Orleans rendered Judgment affirming the decision of the Louisiana State Board of Dentistry.
FACTS:
On November 16, 1984 the Louisiana State Board of Dentistry (the Board) served a Notice to Show Cause upon Dr. Houston David Hughes (Dr. Hughes) as to "Why His License Should Not be Suspended, Revoked, Restricted or Limited" as a result of certain violations of Title 37, Section 776 of the Louisiana Revised Statutes.
The first charge alleged that Dr. Hughes permitted two dental assistants[1] to "cement, band and wire" braces on seven patients.[2] It is alleged that this conduct constitutes professional incompetency, the substandard practice of dentistry and the unauthorized practice of dentistry in violation of LSA R.S. 37:776(7), (8) and (10).[3]
The second charge accused Dr. Hughes of engaging in the unauthorized practice of dentistry by allowing five assistants[4] to "cement, band and wire" braces on patients in violation of LSA R.S. 37:776(10).
*1100 The third and final charge accuses Dr. Hughes of misrepresenting to the public that he was a specialist in orthodontics in violation of LSA R.S. 37:776(16).[5]
The Notice to Show Cause emanated from the investigation of complaints from dentists, dental assistants and patients in the greater Baton Rouge area. The Secretary-Treasurer of the Board filed the charges and executed same in the presence of Guy Wooton, Notary Public for the Parish of Orleans, State of Louisiana.
The hearing was set for December 8, 1984, pursuant to LSA R.S. 37:780 and LSA R.S. 37:751 et seq.
Dr. Hughes filed motions to continue, to quash and to produce on or about November 19, 1984. The Board denied these motions.
On December 6, 1984, Dr. Hughes retained additional counsel who filed another motion to continue. The Board denied this motion.
The hearing commenced on December 8, 1984 as scheduled and continued into the early morning hours of December 9, 1984.
On December 21, 1984, the Board rendered its decision together with findings of fact and conclusions of law. The Board dismissed six (6) of the charges for insufficient evidence and found Dr. Hughes guilty of the other seven (7) counts. The Board suspended Dr. Hughes' license for a period of five (5) years on each count to run concurrent and fined him $1000.00 on each count plus costs, fees and expenses incurred in connection with the hearing which it approximated to be $21,346.59 in accordance with LSA R.S. 37:780B.
Dr. Hughes filed a written request for consideration and rehearing on January 18, 1985 which the Board denied on January 21, 1985.
Dr. Hughes filed a Petition for Judicial Review in the Civil District Court for the Parish of Orleans on February 20, 1985. A stay order was issued preventing the Board from implementing its decision until further orders.
On June 28, 1985, the Civil District Court rendered judgment affirming the Board's decision. From this judgment, Dr. Hughes appeals asserting the following specifications of error.
1) The lower court committed reversible error in not finding that the manner in which the disciplinary proceeding was conducted violated due process of law.
2) The lower court committed reversible error in the manner in which it reviewed the administrative proceedings.
3) The lower court committed reversible error in not finding that the Board committed an error of law in denying the motion to dismiss on the ground of multiplicity.
4) The lower court committed reversible error in not finding that the Board committed manifest error in adjudicating responsibility for the conduct alleged in Charge II, Specification 5.
5) The lower court committed reversible error in not finding that the Board acted arbitrarily in imposing an excessive and disproportionate sanction in the case.
SPECIFICATION OF ERROR 1:
Dr. Hughes asserts that the manner in which the proceeding was conducted violated his due process rights because the Board: (1) failed to comply with the statutory mandate by charging Dr. Hughes in an unsworn complaint, (2) failed to grant Dr. Hughes a continuance; (3) failed to provide adequate discovery; and (4) failed to grant an overnight recess.
Pursuant to LSA R.S. 37:779[6] the charges made against Dr. Hughes must be made under oath.
*1101 A review of the record indicates that this error was raised for the first time by Dr. Hughes' in his brief before the lower court. Dr. Hughes did not complain of the lack of a jurat on the complaint prior to the hearing or as part of the motion for reconsideration and rehearing. Furthermore, LSA R.S. 49:964G provides that in the judicial review of an adjudication proceeding the court may reverse the decision of the agency "if substantial rights of the appellant have been prejudiced." The technical defect complained of does not warrant a reversal of the Board's decision. Dr. Hughes was adequately informed of the charges against him. He was afforded a complete and unrestricted opportunity to present evidence in his behalf before the Board, he was represented by counsel, he was afforded confrontation and the right of cross-examination as to all adverse witnesses. He took a timely appeal for judicial review with full knowledge of the Board's decision as well as its findings of fact and conclusions of law. Durousseau v. Louisiana State Racing Commission, 399 So.2d 1288 (La.App. 4th Cir.1981). While it is true that the charges made by the Board do not contain a jurat executed before a Notary, this technical defect does not obscure the fact that such charges in fact were made under oath before a notary public, Guy Wooton. The mere lack of a written manifestation that the charges were brought under oath is not to be confused with the fact that the charges were brought under oath. We do not find that this technical defect in any way served to deprive Dr. Hughes of any substantial due process rights.
LSA R.S. 37:780A provides for notice at least twenty (20) days before the time fixed for the hearing. The record clearly reflects that such notice was given to Dr. Hughes. The record adequately reflects that counsel for Dr. Hughes was retained even before charges were formally filed and had contacted the Board's Special Counsel in this regard. None of the charges filed by the Board came as a surprise to Dr. Hughes. Dr. Hughes has made no showing of substantial prejudice by the Board's refusal to grant him a continuance.
Similarly, Dr. Hughes alleges that he was denied adequate opportunity for discovery. The record fails to establish that Dr. Hughes was in any way prejudiced. He argues circumstantially that his rights were prejudiced but fails to show any actual prejudice. There is nothing in the record to substantiate Dr. Hughes's allegations that bad faith actions by the Board prevented him from taking depositions within the time frame allowed by law. Dorothy McCants and Doris Covington, the two witnesses Dr. Hughes claims he had a right to depose, testified at the hearing. Dr. Hughes was given complete opportunity to cross-examine these witnesses. Thus, we find no prejudice in Dr. Hughes being unable to depose these witnesses prior to the hearing.
Finally, Dr. Hughes alleges that the Board abused its discretion by not granting an overnight recess.
Although the hearing was quite lengthy such did not serve to deny Dr. Hughes his right to present his defense and cross-examine his accusers. Again Dr. Hughes fails to show where he suffered substantial prejudice by the length of the hearing. The record clearly reveals that everyone concerned with the hearing was subjected to the same environment and conditions. Dr. Hughes was represented by *1102 three very able defense counsel who vigorously cross-examined the witnesses against him and nothing in the record shows that they were unable to function satisfactorily because of the length of the proceeding. Dr. Hughes fails to show this Court how he was prejudiced because of the failure to adjourn the hearing until the next day. There is no showing made that the proof or the outcome would have been different if there had been a recess.
This specification of error is without merit.
SPECIFICATION OF ERROR 2:
Dr. Hughes asserts that the lower court, in reviewing the decision of the Board, placed itself in the position of an appellate court rather than a supervisory agency. In support of this assertion, Dr. Hughes cites language in the lower court's reasons for judgment (such as "appellant's brief", "motion to quash or other kind of exception") which, Dr. Hughes claims, serves to substantiate his allegations of improper review. We disagree. Notwithstanding the language used by the trial court in its reasons for judgment, the scope of the review is limited to a determination of whether the ruling was unreasonable, arbitrary or capricious or amounted to an abuse of discretion. Delta Bank and Trust Co. v. Lassiter, 383 So.2d 330 (La. 1980). Furthermore, courts should be cognizant of the very strong presumption of validity and propriety in such an administrative action where casting judgment upon the professional behavior of a fellow member of a profession is a matter peculiarly within the expertise of an agency composed of members of that profession. Wilcox v. Louisiana State Board of Medical Examiners, 446 So.2d 502 (La.App. 4th Cir.1984), writ denied, 450 So.2d 359; Fisher v. Louisiana State Board of Medical Examiners, 352 So.2d 729 (La.App. 4th Cir.1977), writ denied 353 So.2d 1338 (La.1978). We find no procedural error in the trial court's review of the hearing before the Board.
This specification of error is without merit.
SPECIFICATION OF ERROR 3:
Dr. Hughes asserts that the Board abused its discretion in denying his motion to dismiss certain of the charges on the grounds of multiplicity. That is, he was found guilty of violations that were duplicated in the various charges.
We have reviewed each charge and specification where a violation was found. Summarizing, they are as follows:
Charge 1 violations are all based on La. R.S. 37:776(10). See ftnote 3, supra. In Specification 3 a violation occurred because of unauthorized orthodontic work performed by dental assistant Linda Chenevert upon Sandra O'Quinn. In Specification 5, violation occurred because of unauthorized orthodontic work performed by dental assistant Linda Chenevert to Michelle Hubert. In Specification 7, a violation occurred because of unauthorized orthodontic work performed by Dannie Downing to Pamela Jean Burge.
Charge II violations are also all based on La.R.S. 37:776(10). In Specification 1 a violation occurred because of unauthorized orthodontic work performed by dental assistant Dorothy McCants on unnamed patients. In Specification 2, a violation occurred because of unauthorized orthodontic work performed by dental assistant Linda Chenevert on Jennifer Chiasson, Sandra O'Quinn and Michelle Hubert. In Specification 3, a violation occurred because of unauthorized orthodontic work performed by dental assistant Dannie Downing to Pamela Jean Burge and Michelle Hubert. In Specification 5, a violation occurred because of unauthorized orthodontic work performed by dental assistant Diane Fisher Boyce on unnamed patients.
Clearly, the violations of Charge II, Specification 2 involve the same dental assistant, and the two patients involved in Charge 1, specifications 3 and 5. Furthermore the violations of Charge II, specification 3 involve the same dental assistant and the patient involved in Charge 1, specification 7. Since all were held to be violations of La.R.S. 37:776(10), we find that Charge *1103 1, specifications 3, 5 and 7 are duplications of the violations in Charge II, specifications 2 and 3. We therefore reverse the violations found in Charge I, specifications 3, 5 and 7.
SPECIFICATION OF ERROR 4:
Dr. Hughes asserts that the Board committed manifest error in adjudicating responsibility for the conduct alleged in Charge II, Specification 5which states:
"In that he did with full knowledge and intent employ, procure, induce, aid or abet Ms. Diane Boyce (a person not licensed or registered as a dentist in Louisiana) to engage in the practice of dentistry in his dental offices; specifically, Ms. Boyce provided orthodontic services (including cementing, banding and wiring) to numerous patients, all of which is a cause for the revocation, suspension, limitation or restriction of the license to practice dentistry in Louisiana of the aforesaid Dr. Houston David Hughes." (emphasis added).
In response to that charge the Board found that Ms. Diane Fisher Boyce placed and removed ligatures while in the employ of Dr. Hughes for a period of nine years. This was done during a period prior to 1982 when the regulations prohibited such work by dental assistants. The Board held that these procedures were unauthorized at the time performed.
Dr. Hughes asserts that the Board never charged that he allowed Ms. Boyce to remove ligatures, therefore the finding is inconsistent with the charge. We disagree. The language of the charge is not so restrictive as to disallow this holding.
Dr. Hughes also argues that since the placement of ligatures is now authorized by the regulations, he should not be punished for something that the Board currently recognizes as acceptable. We have reviewed the evidence, and it substantiates the finding of the Board with respect to the placement of ligatures. We will not disturb that finding because the Board saw fit to change its regulations in 1982. The Board is composed of persons learned in the dentistry profession and we will not substitute our judgment for theirs in determining what procedures should be performed by a licensed dentist.
SPECIFICATION OF ERROR 5:
Dr. Hughes asserts that the Board acted arbitrarily in imposing an excessive and disproportionate sanction in this case. Dr. Hughes complains that another dentist found in violation of LSA R.S. 37:776(10) received a twenty-one (21) day suspension and a $500 fine and was placed on two (2) years probation. Dr. Hughes suggests that he is not being punished for the conduct charged but because of the economic threat his Denta-Care program poses to traditional dentistry. We find no merit in this assertion. In Sturrock v. Louisiana State Racing Commission, 437 So.2d 357 (La.App. 4th Cir.1983) this court stated: "In any event, the mere circumstances that a lesser penalty has been imposed in one other case ... does not amount to a showing that defendant's penalizing of plaintiff was `arbitrary or capricious or abuse of discretion or clearly unwarranted exercise of discretion.'" Id. at 358. Considering the number of violations, the length of time over which they occurred and the serious nature of the charges we find the penalty imposed by the Board was appropriate and justified.
For the foregoing reasons the judgment of the lower court affirming the decision of the Louisiana State Board of Dentistry with respect to the violations found in Charge II, Specifications 1, 2, 3 and 5 is affirmed. The violations and penalties, found in Charge I, Specifications 3, 5 and 7 are reversed.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] The two dental assistants were Linda Chenevert and Dannie Downing.
[2] The seven patients were: Joan Marie Chiasson, Jennifer Chiasson, John Chiasson, Shawn Kerr, Sandra O'Quinn, Michelle Hubert and Pamela Jean Burge.
[3] La.R.S. 37:776(7) and (8) respectively authorize the Board to take disciplinary action against a dentist for: "Professional or dental incompetency," and "Continuing or recurring dental practice which fails to satisfy the prevailing acceptable standards of dental practice in this state."

La. R.S. 37:776(10) authorizes the Board to take disciplinary action against a dentist for: "Employing, procuring, inducing, aiding, or abetting a person not licensed or registered as a dentist to engage in the practice of dentistry; but the person practiced upon shall not be an accomplice, employer, procurer, inducer, aider or abetter within the meaning of this provision."
[4] In addition to Chenevert and Downing the assistants were: Theresa Butzow, Diane Boyce and Dorothy McCants.
[5] LSA R.S. 37:776(16) authorizes the Board to take disciplinary action against a dentist for "Any conduct intended to deceive or defraud the public."
[6] "All charges against a dentist or a dental hygienist under R.S. 37:776 or 37:777 for violations of this Chapter shall be made under oath either by the secretary-treasurer, a duly authorized inspector, a member of the Board, or any citizen, and submitted to the president of the Board, who, unless for good and sufficient cause shown by his written reasons, shall appoint a committee of three or more members of the board besides himself to hear the charge. A member of the board making the charge shall be ineligible to sit as a member of the committee. The president shall designate the time and place of the hearing.

Where the charge is made by a citizen, he should state the sources of his information and the grounds of his belief, and the secretary, a member, an inspector, or an agent of the board shall substantiate the charge by determining that the citizen is informed and believes that the charge is true." (Emphasis added).