345 S.E.2d 824

**STATE ex rel. Janet S. BOWLICK, et al.**

v.

**The BOARD OF EDUCATION OF McDOWELL COUNTY.**

No. 16797.

Supreme Court of Appeals of West Virginia.

June 26, 1986.

Robert E. Blair, Welch, for appellant.

William L. Jacobs, Parkersburg, for appellee.

PER CURIAM:

This is an appeal by the Board of Education of McDowell County (hereinafter County Board) from an order of the Circuit Court of McDowell County granting a writ of mandamus sought by several interested county residents. The circuit court held that the County Board should not have closed three county schools because it had not complied with newly promulgated rules and regulations of the West Virginia Board of Education (hereinafter State Board). We conclude that the circuit court erred in its ruling and, therefore, reverse its order.

The critical issue involves an interpretation of W.Va.Code, 18–5–13a (1985), which created certain prerequisites for closing or consolidating county schools. Generally, it provides that a county board of education must comply with W.Va.Code, 18–5–13.[1]

---

1. The appellees contend that W.Va.Code, 18–5–13, was not followed by the County Board. This was not the basis of the circuit court's ruling and we, therefore, decline to address this issue under our established law that " '[t]his Court will not pass on a nonjurisdictional question

In addition, it requires that prior to closing a school, a county board shall give written reasons for its decision accompanied by supporting data. The statute also requires county boards of education to make this information available for public inspection for a designated time period and to thereafter advertise and conduct public hearings.

Of particular pertinence to this appeal is the statutory language on the effective date of the statute, which was April 13, 1985, the obligation of the State Board to promulgate rules and regulations, and the proviso relating to decisions to close a school made prior to the effective date, but where the school had not been physically closed as of that date.[2]

The factual chronology does not appear to be in dispute. The County Board held a regular meeting on January 8, 1985, and by a majority vote decided to close three county schools. The County Board met on two subsequent occasions in January, 1985, to discuss and consider an alternative to its initial decision, but the alternative was rejected. Dr. Roy Truby, then State Superintendent of Schools, was promptly notified of the County Board's decision. By letter dated April 22, 1985, Dr. Truby informed the County Board that the State Board had not taken any formal action on the proposal to close the three county schools because of the recently enacted provisions of W.Va. Code, 18–5–13a. He also advised the County Board that it had until July 1, 1985, to comply with the new law.

After the April 22, 1985 letter from Dr. Truby, the County Board provided the State Board with the factual data required to amend the county's Comprehensive Educational Facilities Plan. In accordance with the requirements of W.Va.Code, 18–5–13a, the County Board also caused to be published four notices of a public hearing to be held on May 31, 1985, concerning the proposed school closings and related matters.

Subsequent to the public hearing, the County Board met on June 3, 1985, and affirmed its original decision to close three county schools. The State Board on June 28, 1985, approved the County Board's request to amend its facilities plan and to close the schools beginning with the 1985–86 school year.

The underlying mandamus action in the circuit court was filed on March 18, 1985, and a hearing was set on July 24, 1985. At this hearing, the primary contention of the appellees was that the County Board had not complied with the new rules and regulations which had been promulgated after July 1, 1985.[3]

which has not been decided by the trial court in the first instance.'" Syllabus Point 2, *Duquesne Light Co. v. State Tax Dept.,* 174 W.Va. 506, 327 S.E.2d 683 (1984), *cert. denied,* 471 U.S. 1029, 105 S.Ct. 2040, 85 L.Ed.2d 322 (1985), *citing* Syllabus Point 2, *Sands v. Security Trust Co.,* 143 W.Va. 522, 102 S.E.2d 733 (1958).

2. These provisions are found in the second and third paragraphs of W.Va.Code, 18–5–13a(2):

"Any such proposal to close or consolidate any school by any county board of education shall be further subject to any current rules and regulations of the state board of education relating to school closing or consolidation: Provided, That after the effective date of this section [April 13, 1985] the state board shall promulgate rules and regulations which shall prescribe in detail the type of supporting data a county board of education shall include as part of its written statement of reasons required by this section for school closing or consolidation, and which shall include any data required by the state board of education to amend a county's comprehensive educational facilities plan.

"This section shall take effect on the date of passage [April 13, 1985] and shall affect any school not physically closed or consolidated as of that date: Provided, That as to any school closing or consolidation proceeding pursuant to a decision adopted prior to the effective date of this section [April 13, 1985], county boards of education shall have until the first day of July, one thousand nine hundred eighty-five, to comply with the provisions of this section and the provisions of section thirteen [§ 18–5–13] of this article relating to school closing or consolidation: Provided, however, That the written reasons shall include all supporting data required by the state board of education to amend a county's comprehensive educational facilities plan."

3. The exact date of the promulgation of the new rules does not appear in the record except a statement that they were published the Friday before the July 24, 1985 hearing which would have been July 19, 1985. The State Board is

**526**

The record reveals, as the circuit court found, that the County Board had made a good faith effort to comply with the new legislative enactment. The circuit court, however, found that the County Board had violated the second paragraph of W.Va. Code, 18–5–13a, by not complying with the new rules and regulations adopted by the State Board, apparently on the theory that the new rules were procedural in nature and, therefore, could be applied retroactively under *Lester v. State Workmen's Compensation Comm'r*, 161 W.Va. 299, 242 S.E.2d 443 (1978).

We believe the circuit court failed to consider the language in the second and third paragraphs of W.Va.Code, 18–5–13a(2), which deal with how a county board which has already decided to close schools prior to the effective date of the statute is affected by the statute.[4] In this situation, the statute provides that a county board "shall have until [July 1, 1985] to comply with the provisions of this section and the provisions of section thirteen [§ 18–5–13] of this article."

Furthermore, in the second paragraph of W.Va.Code, 18–5–13a(2), closing or consolidation is "subject to any current rules and regulations" of the State Board. This is followed by the language that after the effective date, the State Board is required to promulgate new regulations. There was no time limit set in the statute as to when the new regulations had to be promulgated.

 It is apparent from the foregoing language that a county board which had decided to close a school prior to April 13, 1985, had until July 1, 1985, to comply with the new statute, W.Va.Code, 18–5–13a (1985), and any current regulations of the State Board in effect. However, the clear import of the statute is that regulations promulgated after the July 1, 1985 deadline were not required to be met. We believe that this statutory language has sufficient

clarity that we can apply Syllabus Point 2 of *State ex rel. Underwood v. Silverstein*, 167 W.Va. 121, 278 S.E.2d 886 (1981):

> " 'Where the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation.' Syllabus Point 2, *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968)."

Our conclusion is reinforced by the action of the State Board which on June 28, 1985, after receiving the additional information supplied by the County Board under W.Va.Code, 18–5–13a, approved its request to close the three schools beginning with the 1985–86 school year.

The decision of the circuit court is, therefore, reversed and the case is remanded to that court.

Reversed and Remanded.

---

expressly excluded from the rule-making requirements of the Administrative Procedures Act, W.Va.Code, 29A–1–3, except that its rules must be filed in the State register in the prescribed form and cannot be made effective any sooner than sixty consecutive days after being so filed, unless filed as an emergency rule. W.Va.Code, 29A–1–3(b) (1982).

**4.** These provisions are found in note 2, *supra.*