■ In the Matter of BRUCE CHALL, Petitioner, v NEW YORK STATE BOARD OF REGENTS, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a determination of the Commissioner of Education which revoked petitioner's license to practice dentistry in New York.

Petitioner, a dentist licensed to practice dentistry in New York, was charged with eight specifications of professional misconduct. Following a hearing, the Hearing Panel of the State Board for Dentistry dismissed all specifications except the first specification alleging that petitioner had engaged in

unprofessional conduct between June 1985 and February 1988 by delegating his professional responsibilities to a person he knew or had reason to know was not licensed to perform such services. Four members of the Hearing Panel recommended that petitioner's license be suspended for two years, execution stayed, and that he be placed on probation for three years and fined $5,000. The fifth member recommended the same term of probation without a fine. The Regents Review Committee recommended adopting the findings and determinations of the Hearing Panel as to guilt. However, with respect to penalty, the Committee recommended revocation of petitioner's license, stating that it took "a much more serious view of the misconduct involved, the delegation of [petitioner's] professional practice in orthodontia having occurred for several years". The Hearing Panel's findings and the Committee's recommendation as to penalty were accepted by respondent and ultimately incorporated into an order of the Commissioner of Education, challenged by petitioner in this proceeding.

Petitioner does not seriously challenge the determination of guilt in this matter but instead principally argues that the penalty of revocation in this case was an abuse of discretion and wholly disproportionate to the charged misconduct. We disagree. Our reluctance to interfere with a professional licensing authority's disciplinary sanctions is well established (see, e.g., Matter of Viloria v Sobol, 152 AD2d 92). It is only when the sanction imposed is "shocking to one's sense of fairness" or "disproportionate to the misconduct" (Matter of Pell v Board of Educ., 34 NY2d 222, 234) will we intervene to modify a penalty (see, e.g., Matter of Sarosi v Sobol, 155 AD2d 125). Such rare circumstances have not been presented in the instant case.

Here, substantial evidence was presented of petitioner's actions in delegating to an unlicensed assistant, the daughter of a colleague, the responsibility of performing orthodontal services such as placing brackets or cement bands on teeth even though medical testimony established that these services could not legitimately be performed by even a licensed hygienist, but rather, only by a dentist. Petitioner acknowledged that the assistant performed such services and admitted that he knew the assistant was not licensed. Nevertheless, petitioner contends that revocation of his license is too harsh a penalty because the rules relating to what tasks can be performed legitimately by dental assistants and hygienists are unclear. This argument cannot prevail. Education Law § 6611 (8), which petitioner claims is unconstitutionally vague, clearly

demarcates the services of unlicensed persons as limited to "supportive services * * * incidental to and concurrent with" a dentist who is actually the one "personally performing a service or procedure". This provision goes on to state that the subdivision shall not be construed so as to allow unlicensed individuals to provide services "constitut[ing] the practice of dentistry or dental hygiene" (Education Law § 6611 [8]). Significantly, petitioner admitted that orthodontic devices are appliances used in the treatment of abnormal conditions of the teeth pursuant to Education Law § 6601. As such, the installation of these devices falls within the definition of dentistry. Accordingly, the Hearing Panel's failure to credit petitioner's explanation that he committed an honest mistake is reasonable.

Although petitioner contends that the "serious view" taken of actions by respondent is not justified, we cannot adopt this view under the circumstances. Respondent's interest in deterring the unlicensed practice of dentistry for the benefit of the public at large is a great one and it cannot be said that respondent exceeded its "discretionary authority in taking a serious view of petitioner's misconduct" (Matter of Arnold v New York State Dept. of Educ., 128 AD2d 985, 987).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.