412 S.E.2d 822

**Roy M. SMITH, Commissioner, State of West Virginia Division of Labor, Petitioner,**

v.

**Honorable Elliott E. MAYNARD, Judge of the Circuit Court of Mingo County, and the Matewan National Bank, a National Banking Association, Respondents.**

No. 20444.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 6, 1991.

Decided Dec. 19, 1991.

Chris Quasebarth, Asst. Atty. Gen., Charleston, for relator.

J. Patrick Jones, Nicholas Reynolds, Campbell, Woods, Bagley, Emerson,

McNeer & Herndon, Huntington, for respondent Matewan Nat. Bank.

PER CURIAM:

The relator, Roy M. Smith, the Commissioner of the West Virginia Division of Labor, named as the defendant in a declaratory judgment action in the Circuit Court of Mingo County, contends that venue is improper in Mingo County and seeks a writ of prohibition against the respondent, the Honorable Elliott E. Maynard, Judge of the Circuit Court of Mingo County, prohibiting further proceedings in this matter.

## I.

On April 17, 1991, the Matewan National Bank (Bank) filed a declaratory judgment action pursuant to W.Va.Code, 55–13–1, *et seq.*, against the relator, three corporate defendants,[1] and three private individuals.[2] The Bank was seeking a declaration of its rights and obligations under certain letters of credit issued in favor of the relator on behalf of the three corporate defendants. The relator filed a motion to dismiss the complaint pursuant to Rule 12(b)(3) of the West Virginia Rules of Civil Procedure.[3] In his motion, the relator contended that because he was a state officer, venue was improper in Mingo County. In an order dated May 30, 1991, the circuit court denied relator's motion to dismiss. The relator then invoked the original jurisdiction of this Court in prohibition to prevent the respondent circuit judge from proceeding any further on the case.

## II.

W.Va.Code, 14–2–2(a)(1) (1976), states:

1. The three corporate defendants are Golden Eagle Coals, Inc., Rocky Creek Mining, Inc., and Silver River Coals, Inc.

2. The three individuals are Carey Cline, Eddie Cline, and Mark Cline.

3. Rule 12(b)(3) of the West Virginia Rules of Civil Procedure states:
   "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, coun-

"The following proceedings shall be brought and prosecuted only in the circuit court of Kanawha county:

"(1) Any suit in which the governor, any other state officer, or a state agency is made a party defendant, except as garnishee or suggestee."

The respondents concede that the relator is a state agent; however, they contend that for the remaining defendants venue is proper in Mingo County and that "once venue is proper for one defendant, it is proper for all other defendants subject to process." *State ex rel. Kenamond v. Warmuth,* 179 W.Va. 230, 231, 366 S.E.2d 738, 739 (1988). (Citations omitted). What the respondent fails to recognize is that this principle does not usually apply when one of the defendants is "the governor, any other state officer, or a state agency[.]" W.Va.Code, 14–2–2(a)(1).

Indeed, we addressed this same argument nearly forty years ago in *Taylor v. Baltimore & Ohio Railroad Co.,* 138 W.Va. 313, 75 S.E.2d 858 (1953). In *Taylor,* the petitioner sought a writ of mandamus to compel the Baltimore & Ohio Railroad Company and the State Road Commission to erect a fence on the property line between his land and property owned by the State Road Commission. The petition was filed in the Circuit Court of Upshur County. As here, the State Road Commission argued that because it was a state agency, proper venue was only in Kanawha County. We agreed, and in Syllabus Point 2 of *Taylor,* we held:

"Under Code, 14–2–3, as amended by Section 3, Chapter 20, Acts of the Legislature of 1941, Regular Session, the venue for a proceeding in mandamus against the State Road Commission is in Kanawha County, notwithstanding that a private corporation is a joint defendant along with such Commission."[4]

terclaim, cross-claim, or third party claim, shall be asserted in a responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (3) improper venue[.]"

4. Although portions of the venue statute have since been amended and the section numbers changed, the relevant portion of the statute in-

Twenty-five years later, we reiterated this holding in *Shobe v. Latimer,* 162 W.Va. 779, 253 S.E.2d 54 (1979). In *Shobe,* plaintiffs brought a class action seeking a declaratory judgment that a contract between the Department of Natural Resources and Dorcas Public Service District was illegal, void, and unconstitutional. The plaintiffs filed their declaratory judgment action in the Circuit Court of Kanawha County. A question then arose on where venue was proper. We explained:

"When a state officer is properly made a party defendant in a civil action, venue is controlled and determined by the law embodied in W.Va. Code § 14–2–2 [1974]. If venue is properly laid against the state officer under this provision, then venue as to other defendants is also proper under traditional venue-giving defendant principles. *Taylor v. Baltimore and Ohio Railroad and State Road Commission,* 138 W.Va. 313, 75 S.E.2d 858 (1953)." 162 W.Va. at 793, 253 S.E.2d at 62. (Footnote omitted).

We memorialized this rule in Syllabus Point 5 of *Shobe:*

"When a state officer is properly made a party defendant in a civil action, venue is controlled and determined by W.Va. Code § 14–2–2."

We also find meritless the respondents' reliance on Syllabus Point 3 of *Pittsburgh Elevator Co. v. West Virginia Board of Regents,* 172 W.Va. 743, 310 S.E.2d 675 (1983), where we held:

"The exclusive venue provision of W.Va. Code § 14–2–2 is not applicable to a cause of action wherein recovery is sought against the liability insurance coverage of a state agency."

The respondents contend that this exception was carved out because the recovery sought was from private sources rather than public funds.

Contrary to the respondents' assertions, this exception was recognized because it did not defeat the manifest purpose of W.Va.Code, 14–2–2. The reason for exclusive venue statutes, such as W.Va.Code, 14–2–2, "is to prevent the great inconven-

ience and possible public detriment that would attend if functionaries of the state government should be required to defend official conduct and state's property interests in sections of the commonwealth remote from the capital." *Davis v. West Virginia Bridge Comm'n,* 113 W.Va. 110, 113, 166 S.E. 819, 821 (1932). *See also Board of Educ. v. MacQueen,* 174 W.Va. 338, 325 S.E.2d 355 (1984); *Pittsburgh Elevator Co. v. West Virginia Bd. of Regents, supra.* "Thus, where the real party in interest is the insurance carrier which is obligated to defend the action ... there is no rational justification for application of W.Va.Code, 14–2–2." *Pittsburgh Elevator Co. v. West Virginia Bd. of Regents,* 172 W.Va. at 756–57, 310 S.E.2d at 689.

However, in this case, the real party in interest is a state officer. The purpose of W.Va. Code, 14–2–2, could easily be defeated if every time a state officer were sued, a private citizen or corporation was also sued. We decline to sanction such a result.

III.

We find that the order of May 30, 1991, dismissing the relator's motion exceeded the trial court's lawful jurisdiction. The legal principles controlling this case were clear. The court below exceeded its legitimate powers in ignoring them, and, as we stated in Syllabus Point 2 of *State ex rel. Winter v. MacQueen,* 161 W.Va. 30, 239 S.E.2d 660 (1977):

"Prohibition will lie to prohibit a judge from exceeding his legitimate powers."

*See also Duncil v. Kaufman,* 183 W.Va. 175, 394 S.E.2d 870 (1990); *State ex rel. Ayers v. Cline,* 176 W.Va. 123, 342 S.E.2d 89 (1985); *State ex rel. Hamstead v. Dostert,* 173 W.Va. 133, 313 S.E.2d 409 (1984).

For the reasons stated herein, a writ of prohibition is granted prohibiting the respondent judge from acting further in this case.

Writ granted.

terpreted in *Taylor* is identical to the one in    effect today.