427 S.E.2d 486

189 W.Va. 52

WEST VIRGINIA RADIOLOGIC TECHNOLOGY BOARD OF EXAMINERS, Plaintiff Below, Appellant,

v.

H. Darrel DARBY, D.P.M., Defendant Below, Appellee.

No. 21214.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 13, 1993.

Decided Feb. 16, 1993.

Mario J. Palumbo, Atty. Gen., Kelli D. Talbott, Sr. Asst. Atty. Gen., Charleston, for appellant.

Richard J. Bolen, Scott K. Sheets, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, for appellee.

MILLER, Justice:

The West Virginia Radiologic Technology Board of Examiners (Board) appeals a final order of the Circuit Court of Cabell County, dated November 27, 1991, dismissing its petition for injunction against H. Darrel Darby, a licensed doctor of podiatric medicine. The Board sought to enjoin Dr. Darby from using unlicensed members of his staff as radiologic technologists.[1] The circuit court ruled that it was not a violation of the Radiologic Technologists Act, W.Va. Code, 30–23–1, *et seq.*, to employ unlicensed individuals to take x-rays, and, therefore, the Board did not have the authority to enjoin Dr. Darby from doing so under W.Va.Code, 30–23–12. We disagree; accordingly, we reverse and remand the case for further proceedings consistent with this opinion.

The Board is a duly constituted body empowered to regulate the practice of radiologic technology. *See* W.Va.Code, 30–23–5. The Board's responsibilities include issuing, suspending, and revoking licenses to practice radiologic technology, as well as disciplining those individuals and organizations who violate the provisions of the Act. W.Va.Code, 30–23–3(a),[2] requires any individual who practices radiologic technology in this State to first obtain a license from the Board. If a person is found taking x-rays without a license, the Board can enjoin that individual from engaging in further practice pursuant to W.Va.Code, 30–23–12.[3]

Since 1978, the West Virginia Department of Health and Human Resources (Department) has assisted the Board by providing qualified personnel to inspect medical facilities that use radiographic equipment to ensure that those facilities are complying with the law. From November, 1987,

---

1. W.Va.Code, 30–23–2(e), defines a "radiologic technologist" as "a person, other than a licensed practitioner who applies X rays or assists in the application of X rays to human beings for diagnostic or therapeutic purposes under the supervision of a licensed practitioner."

2. W.Va.Code, 30–23–3(a), states, in part:
   "No person may engage in, offer to engage in, or hold himself out to the public as being engaged in, the practice of radiologic technology ... unless and until he first obtains a license or temporary permit to engage in the practice of radiologic technology in accordance with the provisions of this article[.]"

3. W.Va.Code, 30–23–12, reads, in pertinent part:
   "Whenever it appears to the board that any person has been or is violating or is about to violate any provision of this article, any reasonable rule and regulation promulgated hereunder or any order or final decision of the board, the board may apply in the name of the state to the circuit court of the county in which the violation or violations or any part thereof has occurred, is occurring or is about to occur, for an injunction against any such person and any such other persons who have been, are or are about to be, involved in any practice, acts or omissions, so in violation, enjoining such person or persons from any such violation or violations."

to March, 1990, inspectors for the Department cited Dr. Darby on three different occasions for using unlicensed members of his staff as radiologic technologists. On each occasion, Dr. Darby was notified that this practice violated the Act and that continuing violations would result in disciplinary action.

On April 3, 1991, when Dr. Darby was still not in compliance with the Act, the Board filed a petition for injunction against him in the Circuit Court of Cabell County. In response, Dr. Darby filed a motion to dismiss the petition on the ground that he had not violated the Act. Dr. Darby argued that the Act was promulgated to regulate radiologic technologists and exempts from regulation licensed practitioners, such as himself.[4] The particular exemption language is found in W.Va.Code, 30–23–6(c)(4). However, W.Va.Code, 30–23–6(b), contains a number of other exemptions.[5] Dr. Darby also contended that there was no express provision prohibiting licensed practitioners from employing unlicensed radiologic technologists and, therefore, the Board did not have the authority to enjoin him. The circuit court agreed and dismissed the Board's petition for injunction.

One of our traditional rules of statutory construction is contained in Syllabus Point 1 of *State ex rel. Board of Trustees v. City of Bluefield*, 153 W.Va. 210, 168 S.E.2d 525 (1969):

" 'When a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute.' Point 1, syllabus, *State ex rel. Fox v. Board of Trustees of the Policemen's Pension or Relief Fund of the City of Bluefield, et al.*, 148 W.Va. 369 [135 S.E.2d 262 (1964)]."

*See also Courtney v. State Dep't of Health*, 182 W.Va. 465, 388 S.E.2d 491 (1989); *Craig v. City of Huntington*, 179 W.Va. 668, 371 S.E.2d 596 (1988); *State ex rel. Bowlick v. Board of Educ.*, 176 W.Va. 524, 345 S.E.2d 824 (1986); *State ex rel. Underwood v. Silverstein*, 167 W.Va. 121, 278 S.E.2d 886 (1981); *State v. Elder*, 152 W.Va. 571, 165 S.E.2d 108 (1968). With this settled principle as guidance, we now address the merits of this case.

There appears to be no dispute that W.Va.Code, 30–23–3(a), is designed to require a license to practice radiologic technology by a person who is engaged in such practice unless the person is exempt under W.Va.Code, 30–23–6(c). We do not agree with Dr. Darby that W.Va.Code, 30–23–3, applies only to the individual who actually takes x-rays and does not address the responsibility of employers of radiologic technologists. Under W.Va.Code, 30–23–3(b), employers are regulated:

"No firm, association or corporation may, except through a licensee or licensees, render any service or engage in any activity which if rendered or engaged in by any individual would constitute the practice of radiologic technology."

W.Va.Code, 30–23–3(b), clearly and unambiguously prohibits any firm, association, or corporation from providing radiologic technology services unless the service is provided through a licensed practitioner or

---

**4.** A "licensed practitioner" is a "person licensed to practice medicine, chiropractic, podiatry, osteopathy or dentistry." W.Va.Code, 30–23–2(c).

**5.** W.Va.Code, 30–23–6(c), also provides a number of other exemptions:

"The following persons are not required to obtain a license in accordance with the provisions of this article:

"(1) A technology student enrolled in or attending an approved school of technology who as part of his course of study applies ionizing radiation to a human being under the supervision of a licensed practitioner;

"(2) A person acting as a dental assistant who under the supervision of a licensed dentist operates only radiographic dental equipment for the sole purpose of dental radiography;

"(3) A person engaged in performing the duties of a technologist in his employment by an agency, bureau or division of the government of the United States; and

a licensee.[6]

A review of the record demonstrates that Dr. Darby is a member of Huntington Podiatry Associates. As a member of such an association, he was involved in an organization that was using unlicensed personnel to practice radiologic technology. Thus, under the clear and unambiguous language of W.Va.Code, 30–23–12, the Board had the authority to enjoin Dr. Darby, as a member of the association, from using unlicensed members of his staff as radiological technologists.

Even if we were to assume that Dr. Darby is a sole practitioner and is not connected with a firm, association, or corporation, we would still believe that he could not lawfully employ an unlicensed technician to perform radiological examinations on his patients. Dr. Darby is licensed by the West Virginia board of medicine pursuant to W.Va.Code, 30–3–10(a) (1991).[7] Under W.Va.Code, 30–3–14(c)(16) (1989), it is unlawful for a physician or podiatrist to "[d]elegat[e] professional responsibilities to a person when the physician or podiatrist delegating such responsibilities knows or has reason to know that such person is not qualified by training, experience or *licensure* to perform them." (Emphasis added).

Other jurisdictions, under provisions similar to W.Va.Code, 30–3–14(c)(16), have found professional violations where there has been the hiring of unlicensed persons to perform work that is required by law to be done by a licensed individual. *See, e.g., Hughes v. Louisiana State Bd. of Dentistry*, 490 So.2d 1097 (La.App.), *writ denied*, 496 So.2d 326 (La.1986), *cert. denied*, 480 U.S. 933, 107 S.Ct. 1573, 94 L.Ed.2d 764 (1987); *In the Matter of Chall v. New York State Bd. of Regents*, 168 A.D.2d 706, 563 N.Y.S.2d 862 (1990); *Commonwealth v. Hood*, 392 Pa.Super. 388, 572 A.2d 1287 (1990); *Boggs v. Virginia Bd. of Dental Examiners*, 213 Va. 751, 196 S.E.2d 81 (1973).

Thus, even if Dr. Darby as a solo practitioner employed unlicensed individuals to take x-rays of his patients, he would be guilty of delegating professional responsibilities to persons he knew were not qualified to perform such activity and would be in violation of W.Va.Code, 30–3–14(c)(16). Moreover, employing unlicensed technicians would directly encourage a violation of W.Va.Code, 30–23–3(a). Dr. Darby would, in effect, be violating this section of the act. Such a violation is grounds for an injunction by the Board under W.Va.Code, 30–23–12. This section allows the Board to enjoin any person or other persons "who have been, are or are about to be, involved in any practice" that would violate the Act.[8]

For the reasons stated herein, we reverse the November 27, 1991, final order of the Circuit Court of Cabell County and remand the case for further proceedings. consistent with this opinion.

Reversed and remanded.

"(4) *Any licensed practitioner, radiologist or radiology resident.*" (Emphasis added).

6. W.Va.Code, 30–23–2(d), defines a "licensee" as "any person holding a license or a temporary permit issued under the provisions of this article."

7. W.Va.Code, 30–3–10(a), states: "The board shall issue a license to practice medicine and surgery or to practice podiatry to any individual who is qualified to do so in accordance with the provisions of this article." The provisions of W.Va.Code, 30–3–1, *et seq.,* known as the West Virginia Medical Practice Act, regulates the practice of surgery, medicine, and podiatry.

8. For the complete text of W.Va.Code, 30–23–12, see note 3, *supra.*