443 S.E.2d 193

STATE of West Virginia ex rel.
Robert J. ESTES, Relator,

v.

Honorable L.D. EGNOR, Judge of the Circuit Court of Cabell County, and Christopher Chiles, Prosecuting Attorney for Cabell County, Respondents.

No. 21955.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 12, 1994.

Filed Feb. 18, 1994.

Filed as Modified April 18, 1994.

W. Michael Frazier, Frazier & Oxley, Huntington, for relator.

Christopher Chiles, Pros. Atty., Margaret Phipps Brown, Asst. Pros. Atty., Huntington, for respondents.

MILLER, Justice:

■ In this original proceeding in prohibition, we are asked to prevent the prosecution of the relator, Robert J. Estes, in the Circuit Court of Cabell County on a charge that he had unexcused absences from school in violation of W.Va.Code, 18–8–2 (1988). Mr. Estes contends that he cannot be prosecuted under W.Va.Code, 18–8–2, because the statute only applies to an individual having legal or actual charge over a student and not to the student himself. We agree and grant the writ.

The facts as alleged in the briefs are that Mr. Estes is an eighteen-year-old senior at Milton High School in Cabell County. In September of 1993, Mr. Estes missed five nonconsecutive days of school without legal excuses.[1] After Mr. Estes began missing school, Mark Meadows, an employee of the Cabell County Board of Education, told Mr. Estes that if he continued to have unexcused absences from school he could be criminally prosecuted.

Mr. Estes continued to miss school, and on September 29, 1993, Mr. Meadows made a complaint against Mr. Estes in the circuit court alleging that he had violated W.Va. Code, 18–8–2. Mr. Estes was appointed counsel and moved the circuit court to dismiss the charge against him asserting that the statute does not apply to him. The circuit court denied the motion.

■ Initially, when we address questions relating to the coverage of a statute, we look to see if the statute's language with regard to the issue under consideration is clear and unambiguous. If it is, we then apply the rule contained in Syllabus Point 1 of *West Virginia Radiologic Technology Board of Examiners v. Darby,* 189 W.Va. 52, 427 S.E.2d 486 (1993):

> " ' "When a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Point 1, syllabus, *State ex rel. Fox v. Board of Trustees of the Policemen's Pension or Relief Fund of the City of Bluefield, et al.,* 148 W.Va. 369 [135 S.E.2d 262 (1964) ].' Syllabus Point 1, *State ex rel. Board of Trustees v. City of Bluefield,* 153 W.Va. 210, 168 S.E.2d 525 (1969)."

W.Va.Code, 18–8–2, provides that any person who has legal or actual charge of a child and receives due notice that the child has failed to attend school and fails to cause the child to attend school is guilty of a misdemeanor. This statute does not provide that it is a misdemeanor for a student to fail to attend school.[2] Thus, we agree with the relator's claim that the misdemeanor charge

---

1. Mr. Estes did not attend school on September 9, 10, 16, 17, and 23, 1993.

2. W.Va.Code, 18–8–2, states:
   "Any person who, after receiving due notice as hereinafter provided, shall fail to cause a child or children in that person's legal or actual charge to attend school as hereinbefore provided, shall be guilty of a misdemeanor, and shall, upon conviction thereof, be fined not less than fifty nor more than one hundred dollars together with the costs of prosecution, or confined in jail not less than five nor more than twenty days. The magistrate or judge may require the parent or parents to bring the child to school and remain through the school day until such time as the magistrate or judge may determine as appropriate. Every day a child is out of school contrary to the provisions of this article shall constitute a separate offense. Magistrates shall have concurrent jurisdiction with circuit courts for the trial of offenses arising under this section.
   "Whenever a person accused of violating any of the provisions of this article has been tried and acquitted, the cost of prosecution shall be paid by the county board of education out of the maintenance fund of the county."

against him under W.Va.Code, 18–8–2, is void.

The prosecuting attorney asserts that the statute applies to Mr. Estes as an eighteen-year-old adult by virtue of W.Va.Code, 18–8–1 (1990), and W.Va.Code, 18–8–1a (1988). We disagree. W.Va.Code, 18–8–1, provides for compulsory school attendance for students between the ages of six and sixteen.[3] After the age of sixteen, a student does not have to attend school.[4] The relevant section of W.Va.Code, 18–8–1a, adds that "the compulsory school attendance provision of this article shall be enforced against a person eighteen years of age or older for as long as the person continues to be enrolled in a school system, and shall not be enforced against the parent, guardian or custodian of such person." This provision is designed to accomplish two objectives. First, it makes those over eighteen who desire to attend school subject to the compulsory school at-tendance law. Second, it exempts the parent, guardian, or custodian of such student from the compulsory school attendance law and a prosecution under W.Va.Code, 18–8–2. There is nothing within the foregoing provisions that even could be remotely construed as altering the plain language of W.Va.Code, 18–8–2, to impose liability on a nonattending student regardless of his age.[5]

School officials are not without recourse to deal with students who are eighteen and older who disobey school attendance policies. Any student may be suspended from attending school under W.Va.Code, 18–8–8 (1951), "because of improper conduct or refusal of such child to comply with the requirements of the school[.]"[6] Moreover, W.Va.Code, 18–5–15(c) (1993), which recently was amended,[7] requires that a student who has been suspended or expelled to obtain the approval of the county superintendent of schools before the student can enroll.[8]

3. The relevant section of W.Va.Code, 18–8–1, provides: "Compulsory school attendance shall begin with the school year in which the sixth birthday is reached prior to the first day of September of such year or upon enrolling in a publicly supported kindergarten program and continue to the sixteenth birthday."

4. However, we note that, with certain exceptions, individuals between the ages of sixteen and eighteen who have not graduated and have withdrawn from school shall be denied a motor vehicle license or instruction permit by the Department of Motor Vehicles under W.Va.Code, 18–8–11 (1988). *See Means v. Sidiropolis*, 184 W.Va. 514, 401 S.E.2d 447 (1990).

5. Even if we thought that W.Va.Code, 18–8–1a, created an ambiguity with regard to W.Va.Code, 18–8–2, we would still conclude that the criminal provisions of W.Va.Code, 18–8–2, do not apply to the relator. This conclusion is based on our traditional rule construing criminal statutes which is found in Syllabus Point 1 of *United States v. Dobkin*, 188 W.Va. 209, 423 S.E.2d 612 (1992): " 'Penal statutes must be strictly construed against the State and in favor of the defendant.' Syl. pt. 3, *State ex rel. Carson v. Wood*, 154 W.Va. 397, 175 S.E.2d 482 (1970)."

6. In its entirety, W.Va.Code, 18–8–8, reads:
"If a child be suspended from school because of improper conduct or refusal of such child to comply with the requirements of the school, the school shall immediately notify the county superintendent of such suspension, and specify the time or conditions of such suspen-

sion. Further admission of the child to school may be refused until such requirements and regulations be complied with. Any such child shall be treated by the school as being unlawfully absent from the school during the time he refuses to comply with such requirements and regulations, and any person having legal or actual control of such child shall be liable to prosecution under the provisions of this article for the absence of such child from school: Provided, That the county board of education does not exclude or expel the suspended child from school."

7. The amendments to W.Va.Code 18–5–15(c), were passed on April 8, 1993, and became effective ninety days from passage. The 1993 amendment added the first, second, and third provisos in subsection (c) and made stylistic changes.

8. W.Va.Code, 18–5–15(c), provides:
"[A]ny student suspended or expelled from public or private school shall only be permitted to enroll in public school upon the approval of the superintendent of the county where the student seeks enrollment: Provided, however, That in making such decision, the principal of the school in which the student may enroll shall be consulted by the superintendent and the principal may make a recommendation to the superintendent concerning the student's enrollment in his or her new school: Provided further, That if enrollment to public school is denied by the superintendent, the student may petition the board of education where the student seeks enrollment."

■ Therefore, if a student disobeys a school policy, such as by having unexcused absences, he may be suspended under W.Va. Code, 18–8–8, and shall not be readmitted to school under W.Va.Code, 18–5–15(c), without the approval of the county superintendent. In addition, a student under the age of eighteen who habitually misses school without good cause may be adjudicated delinquent under W.Va.Code, 49–1–4(4) (1978).[9]

■ The respondent judge exceeded his legitimate authority, because it is obvious that the underlying criminal proceeding under W.Va.Code, 18–8–2, cannot be maintained against the relator. Syllabus Point 6 of *State ex rel. Board of Education v. Perry*, 189 W.Va. 662, 434 S.E.2d 22 (1993), sets forth the grounds for the issuance of a writ of prohibition:

> " ' "Prohibition will lie to prohibit a judge from exceeding his legitimate powers." Syllabus Point 2, *State ex rel. Winter v. MacQueen*, 161 W.Va. 30, 239 S.E.2d 660 (1977).' Syllabus Point 3, *Smith v. Maynard*, 186 W.Va. 421, 412 S.E.2d 822 (1991)."

For the foregoing reasons, we issue a writ of prohibition precluding the prosecution of the relator under W.Va.Code, 18–8–2. If school officials want to take action against Mr. Estes, they should suspend him in accordance with W.Va.Code, 18–8–8, and 18–5–15(c).

Writ granted.

---

9. W.Va.Code, 49–1–4, sets forth the definition of a delinquent child. Included in this section is subsection (4) which defines a delinquent child as one "[w]ho is habitually absent from school without good cause[.]"