BOARD OF TRUSTEES OF THE LEWIS PRICHARD CHARITY FUND
*v.* AVIS AND ANGEL

(No. 8879)

Submitted October 25, 1939. Decided December 5, 1939.

*L. W. H. Peyton* and *H. L. Ducker,* for appellant.
*J. E. Campbell,* for appellees.

HATCHER, JUDGE:

S. B. Avis and Philip Angel form the law firm of Avis & Angel practicing in Charleston. They were employed by the Board of Trustees of the Lewis Prichard Charity Fund, a corporation, to foreclose a deed of trust securing a sum of money loaned by the Board, past due and unpaid. In carrying out this employment they discovered that the security afforded by the trust deed was entirely inadequate, that the corporate borrower was insolvent, and that a member of the Board of Trustees of the Lewis Prichard Charity Fund was financially interested in the mortgagor corporation, and in land that it purchased with the money borrowed.

Avis & Angel recommended to their client that an immediate chancery suit be brought for the purpose of tracing the borrowed money, having the court decree a resulting trust upon the realty in which it was invested, foreclosing the mortgage and enforcing the resulting trust by ordering the sale of the trust property to cover any deficit of the mortgage debt after the proceeds of the trust deed foreclosure were first applied. Such cause was brought by Avis & Angel for the Board of Trustees in the Circuit Court of Cabell County, two final decrees were entered and two appeals to this Court were granted, the outcome being that the Board of Trustees was successful in the main, and after they had substantially maintained their contention a misunderstanding developed between them and Avis & Angel as to the latter's compensation. The Board filed a petition in the chancery suit seeking to have the amount payable to Avis & Angel determined. The question presented by the petition was transferred to

the Circuit Court of Kanawha County, and that court referred the matter to a commissioner in chancery who, after taking the testimony of a number of witnesses, in his report recommended that a fee of ten thousand dollars be awarded, in addition to seven hundred and fifty dollars which at the inception of the employment had been paid to Avis & Angel. The trial chancellor confirmed the commissioner's report as to amount, but based his finding upon a *quantum meruit*, whereas, the commissioner's report found in favor of Avis & Angel substantially on the basis of their contention concerning an agreed compensation. This appeal was granted from the decree of the Circuit Court of Kanawha County awarding the fee, and the trustees of the Charity Fund are the appellants.

It seems to be apparent upon reading the record that at the time or shortly after the chancery suit was brought, there was an effort on the part of the Board and Avis & Angel to reach a definite understanding as to the likely outlay involved in the prospective litigation. Its preparation was in the spring of 1934, and undoubtedly involved a great deal of investigation and effort. The indebtedness secured by the trust deed at that time, together with interest, amounted to approximately fifty thousand dollars, and reliable estimates were that the mortgaged property would yield not more than fifteen thousand dollars at a forced sale, leaving a difference of thirty-five thousand dollars as the amount secured by the resulting trust, and sought to be recovered by the Board in this proceeding.

It is highly unfortunate that a misunderstanding of this nature should develop between attorney and client. Without going further into detail, it may be stated that there was a definite agreement to the effect that Avis & Angel were to receive a cash retainer of seven hundred and fifty dollars. This was fully paid in October, 1934. In addition, they were to receive twenty per cent of the amount recovered in excess of the proceeds from the sale of the mortgaged property, or an amount so far as it can now be ascertained equivalent to approximately seven thousand dollars. The dispute arises over the contention

of the Board that this agreed fee covered the work in the trial court and also the services performed in the two appeals to this Court, while Avis & Angel contend that the agreed amount covered nothing more than the work before the trial chancellor, and that in addition to that compensation, they should be paid for the work done in conducting the two appeals to this Court.

The testimony has been extended into minute details which involve the circumstances under which Avis & Angel, in 1938 and during the pendency of this proceeding, but after the controverted questions were settled, were dismissed as counsel for the Board, supposedly giving rise to the legal question as to the propriety of that occurrence, including the question as to whether, based upon a *quantum meruit*, they can recover an amount in excess of the contract price, even though they were wrongfully discharged. Much of this we regard as irrelevant.

There, of course, can be no question but that there was a general contract for the employment of Avis & Angel. Whether that contract involved an agreed full compensation, we think necessarily must be determined upon the basic principle that there was no meeting of minds upon the amount of compensation, because of the fact that the minds of those concerned did not meet upon what the cash retainer and the contingent fee were to cover. We see no reason to disturb the trial chancellor's finding that there was no contract fixing the ultimate fee. Nevertheless, that there was considerable discussion between the parties and that they both agreed that the retainer and contingent fee were to cover either the entire employment, or the employment before the trial chancellor only, is certainly admissible evidence on the question of fixing a reasonable fee for the successful outcome of the entire employment and a recovery upon a *quantum meruit* basis. This is, of course, followed in the trial chancellor's final decree fixing the amount of Avis & Angel's recovery upon a *quantum meruit* basis at ten thousand dollars.

This finding is complained of because of the fact that

supposedly it is based upon evidence predicated upon the recovery of thirty-five thousand dollars by the Board of Trustees in this proceeding. The amount recovered is, of course, not to be considered beyond its effect upon a *quantum meruit* recovery. A number of lawyers gave their opinions under oath as to the worth of the services performed by Avis & Angel. The questions propounded were based upon the assumption that thirty-five thousand dollars would eventually be recovered in this proceeding. The property has not yet been sold and the contention is that this is prematurely fixing the value of their services because the amount recovered can only be estimated. This, we suppose, the trial chancellor had his attention called to prior to the entry of his decree, and the questions propounded and the replies were accorded their proper weight. As stated, we believe that neither Avis & Angel nor the Board was in any way bound by the agreement concerning a contingency, and that not having been bound, and there having been no controversy between them, with the exception of the one concerning the payment of the fee, it follows that Avis & Angel were wrongfully discharged for not having treated the amount of compensation as fixed. The supposition is, unless the contrary is shown, that the amount fixed in the decree of sale, less anticipated credits, is the amount of the recovery, not in considering a contingent fee, but in considering the reasonable worth of the services performed. Of course, it may not be the amount of the actual recovery or the amount realized, but we see no reason why Avis & Angel should be required to delay the collection of their fee until the sale of the property in this proceeding, while their debtor, the Board, as plaintiff here, is in control of the proceedings in this cause, and when its attitude and its bid will largely affect the amount of the recovery over in this proceeding.

To sum up, we are of the opinion that Avis & Angel were employed by the Board of Trustees of the Lewis Prichard Charity Fund, but that their contract of employment did not cover the amount of their compensation,

either in the trial court or for the appellate proceedings, because to this extent there was no meeting of minds, and that they were wrongfully discharged by the Board while the case they had been employed to bring was still pending. Furthermore, while the usual meaning of "recovery" is property coming into the actual possession of a litigant as a result of litigation, to place that interpretation upon it in considering the reasonable worth of professional services and in the light of the expert testimony in this cause, we think would be to permit the Board to gain an undue advantage by its own breach of contract, and that the expert testimony considered in a proper aspect, which is the presumption that follows its admission, was relevant.

The decree of the Circuit Court of Kanawha County is therefore affirmed.

*Affirmed.*