State *ex rel.* Board of Trustees of Policemen's Pension or Relief Fund of the City of Bluefield

*v.*

City of Bluefield, *etc., et al.*

(No. 12828)

Submitted May 13, 1969.                Decided June 24, 1969.

Joseph M. Sanders, for relator.

Walter V. Ross, Wade H. Ballard III, Michael C. Smith, for respondents.

BERRY, JUDGE:

This mandamus proceeding invoking the original jurisdiction of this Court was instituted by the Board of Trustees of the Policemen's Pension or Relief Fund of the City of Bluefield, which will hereinafter be referred to as petitioner, against the City of Bluefield, a Municipal Corporation, the mayor, members of the Board of Directors, and the Treasurer of the City of Bluefield, hereinafter referred to as respondents. It involves the construction of Code, 8-6-14, as amended, and related sections with regard to the method of making the annual levy for expenditures of the policemen's fund of the City of Bluefield. The petitioner is charged with the administration of the fund and seeks to compel the respondents to approve the statement of estimated expenditures for the fiscal year beginning July 1, 1969 and ending June 30, 1970, submitted by it for the amount of money that should be raised by the levy for the fiscal year 1969-1970.

The respondents reduced the amount requested by the petitioner. A rule was awarded on April 23, 1969 returnable April 29, 1969 and the case was continued by agreement of the parties to May 13, 1969 at which time it was submitted for decision of this Court on arguments and briefs.

The petitioner alleges that the Board, as required by law, filed a statement of estimated expenditures prior to January 17, 1969 for $34,983.04 for the coming fiscal year. Instead of levying taxes for the amount of estimated expenditures requested by the petitioner, the respondent City, by its officials and board of directors, only placed in the proposed budget the sum of $16,010 which could be raised by a levy of approximately two and one-fourth cents on each $100 of assessed valuation. The amount of money requested by the petitioner for the estimated expenditures could have been levied by the respondents under the provisions of Code, 8-6-14, as amended, wherein it is provided that not less than one cent nor more than five cents on each $100 of all personal and real property shall be levied for such purposes.

Included in the statement of expenditures was the sum of $3500 for attorney's fee to pay for the attorney who represented the petitioner in this proceeding. Considerable time and work had been spent by the attorney in connection with this matter and the fee was to cover all of the work done or to be done and the amount had been tentatively agreed upon by the attorney and the petitioner. However, a definite amount was later agreed upon for the attorney's services in the amount of $3100 which was indicated by a statement filed as an exhibit with the petition and signed by all of the trustees except the mayor of the City of Bluefield who was the chairman. In addition to the basic amount requested by the petitioner there was to be added thereto 10% of such estimated expenditures, as provided by statute, the said 10% of the estimated amount to be accumulated and invested, if possible, as a surplus reserve. The statute provides

that interest from the invested reserve fund shall be deducted from the amount levied each year. Included in the estimated expenditures submitted by the petitioner were sums for two officers in the amounts of $5122.27 and $3220.32 over whom there was some dispute with regard to whether they were entitled to pensions.

The statute also requires the respondents to assess and collect from each member of the police department each month the sum of 4% of actual salary or compensation of such member and the amount collected shall become a "regular" part of the policemen's pension fund. Code, 8-6-14a, as amended, provides for arrest fees in the amount of $1.00 for each person arrested to be collected and paid into the policemen's pension or retirement fund. These sums as indicated on an itemized statement amounted to $6,288.24 and $1,239.36 respectively and one of the arguments in this proceeding is over what disposition is to be made of these amounts.

In making up its budget the city credited these deductions and arrest fees against the amount proposed to be levied, and also disapproved the two contested items for pensions, which latter apparently the petitioner does not object to and agrees that the last two items were properly deducted. The city also disapproved the item for attorney's fee. The proposed expenditure included two sums in the amount of $633.01 and $803.98 which apparently had been paid by the fund as refunds to two officers who had resigned from the police force. The statute provides that if an officer resigns after two years of service he may have his contributions refunded to him without interest. The respondents did not consider these payments as proposed expenses and deducted said amounts from the estimated expenditures submitted by the petitioner. The petitioner contends that these refunds constitute a continuing problem as over $14,000 has been paid out to policemen who have resigned in the past ten years, and this is depleting the fund.

After deducting or crediting the various amounts mentioned above the respondents considered the amount to be raised by levy to be about $19,000 less than that asked for by the petitioner and accordingly placed in the city's proposed budget the sum of $16,010 which was substantially the amount remaining after the amount of estimated expenditures asked for by the petitioner had been reduced by the amount not allowed by the respondents.

It is alleged in the petition that the reserve fund is several hundred dollars less than $20,000, the exact amount depending on whether the book or market value is used, and that the respondent has for several years followed the procedure it did this year of deducting the salary withheld and arrest fees from the amount stated by the petitioner to be that which must be raised by levy, and that the directors having failed to allow any extra amounts for resigned officers the accumulation of expenditures has gradually reduced the reserve fund and caused some of the investments to be sold. The amount remaining in the operating fund has varied in the last seven fiscal years from practically nothing to a sum of about $3,000, and there has been nothing to invest in the reserve fund, all of which has caused the total fund to be in danger of insolvency.

The petitioner attempted to pay the attorney's fee but the mayor who was an ex-officio member of the board refused to approve it and the city treasurer refused to disburse the money. The petitioner contends it has the power to hire an attorney and adequately compensate him.

All cities in this state maintaining such pension fund have to levy a budgetary amount for the fund and have to decide what to do with regard to the 4% collected from the salaries of the policemen and the arrest fees as to whether to deduct these from the amounts requested by the various pension boards for estimated expenditures. The question of what to do with regard to the payments

made to the police who resigned is necessary to be answered in order to know whether it should be included as a necessary expenditure and included in the budget for taxes to be levied therefor or whether it should be deducted from the amount of money in the regular pension fund. The petitioners allege that of the fifteen or more large cities in this state about half of the cities do it one way and the other half the other way and therefore such matter is a public question.

In 1960 the Board of Trustees of the Policemen's Pension or Relief Fund of the City of Bluefield and the Board of Trustees of the Firemen's Pension or Relief Fund for the City of Bluefield instituted a declaratory judgment proceeding in the Circuit Court of Mercer County against the respondent, the City of Bluefield, with regard to some of the same matters involved in this proceeding pertaining to the tax levies for the fiscal year 1959-1960. The Circuit Court of Mercer County decided in 1961 adversely to the petitioner's contention in this proceeding relative to the deduction of the 4% obtained from the policemen's salaries and arrest fees, and said judgment was not appealed by the plaintiffs, the Board of Trustees of the Policemen's and of the Firemen's Pension or Relief Fund for the City of Bluefield. The respondent city therefore has been doing since then what the Circuit Court decided in that proceeding the city had a right to do with regard to the 4% salary deductions and the arrest fees.

All of the matters involved in this proceeding were not present in the 1961 declaratory judgment proceeding. The question of attorney's fee as well as the question with regard to amounts paid out to the officers who resigned after two years of service was not involved in the former proceeding. The petitioner itself inserted the question of res adjudicata with regard to some of the matters in this proceeding but contends that it is not applicable because a different tax year is involved and

that the public question involved requires a decision of this Court for uniformity throughout the state.

The petitioner prays that a writ be issued to compel the respondents to reconvene and correct the city's tax levy estimates so as to raise the full amount of the estimated expenditures and include therein the attorney's fee, and to compel the respondents to honor the disbursement order for such service approved by all of the members of the board of trustees except the mayor of the City of Bluefield out of moneys in the regular pension fund if sufficient amount is contained therein for such payment.

An answer was filed by the respondents in which they take the position that the present proceeding is barred by res adjudicata and laches; they admit that they have followed the procedure complained of by the petitioner but aver that this is in accordance with law made and provided therefor and that they do not know what other cities are doing in connection with the question involved in this case. An amicus curiae brief was filed on behalf of the City of Huntington, West Virginia, with permission of the Court, in support of the method used by the respondent City of Bluefield in connection with the deduction of 4% of the policemen's salaries and arrest fees or fines which are deducted from the estimated amount to be raised before the levying of taxes to support the fund.

The only allegation in the petition of any importance which the answer does not deny or admit is the petitioner's contention that the reserve fund is being depleted. Inasmuch as this is not denied, it must be taken as true.

The question presented in this case of res adjudicata must be decided first. *In Re: United Carbon Company Assessment,* 118 W. Va. 348, 190 S. E. 546. In disposing of this question we must look to the essential elements of res adjudicata which have been set out by this Court as follows: "(1) Identity in the thing sued for; (2)

identity of the cause of action; (3) identity of the persons and the parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made." *State ex rel. Lynn* v. *Eddy,* 152 W. Va. 345, 163 S. E.2d 472. The case at bar does not comply with the essential elements of res adjudicata. There are additional facts and things involved here that were not presented in the case decided by the Circuit Court of Mercer County in 1961. The cause of action was different. There were two parties plaintiff to the declaratory judgment in 1961 and only one in the present mandamus proceeding and although the respondent city is the same in both cases there are other parties respondent, and there are different questions involved. This question is discussed in 30A Am. Jur., Judgments, §335, wherein it is stated: "Generally, the doctrine of res judicata extends only to facts and conditions as they existed at the time the judgment was rendered and, ordinarily, res judicata does not apply where there are changed conditions and new facts which did not exist at the time of the prior judgment." The judgment of the Circuit Court of Mercer County in 1961 was specifically limited to the levies for the police and firemen's funds for the fiscal year 1959-60 which is clearly set out in the order of that Court deciding that case of May 3, 1961. Where the precisely same questions are involved even though the cause of action is not the same but there is identity of the parties, estoppel by judgment may apply as distinguished from res judicata. *Lane, et al.* v. *Williams, et al.,* 150 W. Va. 96, 144 S. E.2d 234. However, this case does not even fall within that classification and in addition estoppel was not pleaded by the respondents.

There are other questions involved relative to the issues and the case at bar relates to taxes levied for a different year. See *In Re: United Carbon Company Assessment, supra;* and *Western Md. Ry. Co.* v. *Board of Public Works of the State of West Virginia,* 141 W. Va.

413, 90 S. E.2d 438. Then, too, the statute governing the questions involved was reenacted after the declaratory judgment proceeding was decided in the Circuit Court of Mercer County and the amount allowed in the statute to be levied to pay the full amount of estimated expenditures was increased. It would therefore clearly appear that the respondents' plea of res adjudicata and laches is not applicable to the instant case.

The only case decided by this Court involving the same statute involved in the case presented here is the case of *Board of Trustees, etc.,* v. *City of Huntington,* 142 W. Va. 217, 96 S. E.2d 225. That case merely held that the City of Huntington should lay an additional levy of one cent on each hundred dollars of assessed value of property in that City in order to assure that the police pension or retirement fund would not become insolvent. Although the same method was used by the City of Huntington at that time in connection with its budget and laying the levy as used by the City of Bluefield in the instant case with regard to the deduction of salary assessments and police arrest fees or fines from the estimated expenditures as receipts applicable to expenditures before laying the levy for the remainder of expenses, this method was not questioned or decided in that case. Then, too, the statute was amended in 1959 after that case was decided in 1956 and is entirely different with regard to the requirement for the laying of the levy in such cases.

The disposition of the questions involved in this proceeding is controlled by the statute governing these matters, Code, 8-6-14, which as it now stands was written in 1959 and reenacted in 1963 with a numerical change. It reads as follows:

> "In every municipality there shall be a firemen's pension or relief fund and a policemen's pension or relief fund, which shall be maintained as follows: The council or other governing body

of each municipality shall levy annually and in the manner provided by law for other municipal levies, and include within the maximum levy or levies permitted by law, and if necessary in excess of any charter provision, a tax at such rate as will, after crediting all interest, if any, to be received in such year from the investments of the respective boards, provide funds equal to the sum of (1) *the full amount of estimated expenditures* of the boards of trustees of the respective funds and (2) an additional amount equal to ten per cent of such estimated expenditures, said ten per cent amount to be taken, accumulated and invested, if possible, as surplus reserve: Provided, however, that in no event shall such levy for each of the respective boards of trustees be less than one cent nor more than five cents on each one hundred dollars of all real and personal property as listed for taxation in such municipality: Provided, that in any city or municipality of eight thousand three hundred population or less the laying of the levies herein provided for shall be within the discretion of the common council or other body of like power and duties in such city or municipality.

\* \* \*

"*In addition* to all other sums provided for pensions in this section, it shall be the duty of every municipal corporation to assess and collect from each member of such fire department and police department each month, the sum of four per cent of the actual salary or compensation of such member; and the amount so collected shall become a *regular* part of the firemen's pension fund, if collected from a fireman, and of the policemen's pension fund, if collected from a policeman.

\* \* \*

"Any member of a municipal fire or police department who is released or who before retirement on any pension severs his connection with said department, provided he has served two full years or more, shall, upon request, be refunded all deductions made from his salary, but without interest. \* \* \*." [Emphasis supplied.]

This statute in its present form after it was amended and reenacted in 1959 and 1963 is clear and unambiguous and needs no interpretation for its application. *State ex rel. Myers* v. *Garner*, 148 W. Va. 92, 96, 133 S. E.2d 82; *State ex rel. Fox* v. *Board of Trustees of the Policemen's Pension or Relief Fund of the City of Bluefield, et al.,* 148 W. Va. 369, 135 S. E.2d 262. The clear provisions of this statute require that a tax must be levied for the *full* amount of estimated expenditures of the Board of Trustees of the policemen's pension or relief fund. It is free from ambiguity. The plain meaning of the legislative intent should not be interpreted otherwise by the courts and the only duty of the courts is to apply the statute. This principle is succinctly stated in the first point of the syllabus of the case of *State ex rel. Fox* v. *Board of Trustees, etc., supra,* in the following language: "When a statute is clear and unambiguous and the legislative intent is plain the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."

In applying the statute the respondents must levy taxes for the full amount of the estimated expenditures and in addition thereto an amount equal to ten per cent of such estimated expenditures submitted by the petitioner as surplus reserve and must not deduct therefrom before levy either the four per cent of the salaries of each member of the police department collected from each member or the arrest fees provided for in Code, 8-6-14a, as amended. These amounts from salaries and fees should be placed in the regular policemen's pension fund, as required by Code, 8-6-14, as amended, and used to pay the proper expenses of said Board of Trustees or invested in accordance with the provisions of Code, 8-6-16, as amended, if not needed for the time being. The amounts paid to members of the police department who resigned after serving two years should be refunded out of the regular policemen's funds into which were placed the original deductions from their salaries.

Under the provisions of Code, 8-6-11, the Board of Trustees of the Policemen's Pension or Relief Fund is a corporation and may sue and be sued, plead and implead, contract and be contracted with, as well as exercising other powers granted to it in said section. With such powers given to the Board it is not only implied but necessary that it shall from time to time be required to employ an attorney to represent it either as a plaintiff or a defendant in a law suit or with regard to other legal matters and if the Board can employ an attorney, such attorney must be paid a reasonable amount for his services. The attorney representing the petitioner in this case made a contract with regard to his services. The amount of $3100 has been agreed upon, approved by four members of the Board, and submitted for payment. Code, 30-2-15, provides for such payment and reads as follows: "An attorney shall be entitled for his services as such to such sums as he may contract for with the party for whom the service is rendered; and, in the absence of such contract, he may recover of such party what his services were reasonably worth." This Court has approved the payment of attorneys' fee by a board of trustees for a fund similar to the one in the case presented here. *Board of Trustees* v. *Avis and Angel,* 121 W. Va. 686, 6 S. E.2d 9. Therefore, the amount agreed upon to be paid to the attorney to represent the Board in this proceeding is a proper expenditure and should be considered as one of the estimated expenditures upon which taxes should be levied for the payment thereof.

For the reasons stated herein, the writ prayed for is granted.

*Writ granted.*