STATE *ex rel.* BOARD OF TRUSTEES
POLICEMEN'S PENSION FUND, *etc.*

*v.*

THE CITY OF WHEELING, *etc., et al., etc.*

(No. 13213)

Submitted June 27, 1972.          Decided July 18, 1972.

*McCamic & McCamic, Jolyon W. McCamic,* for relator.

*John Marshall, III,* for respondents.

CARRIGAN, JUDGE:

This is an original proceeding in which petitioners, Board of Trustees of the Policemen's Pension and Relief Fund of the City of Wheeling, seek a writ of mandamus to compel the respondents, The City of Wheeling, a Municipal Corporation, James J. Haranzo, its Mayor, and Edmund Berardinelli, Gerald L. Bender, John Fahey, William H. Hastings, William H. McNeil, William H. Muegge, Clyde A. Thomas and Stanley J. Wojcik, Members of its City Council, to levy a tax sufficient to yield the estimated expenditures of the Policemen's Pension Fund of the City of Wheeling for the fiscal year 1972-1973, as directed by Section 19, Article 22, Chapter 8, Code of West Virginia, 1931, as amended. This proceeding arises over construction of that statute. Respondents filed a demurrer to the petition as well as an answer of denial and allegations of defense.

Section 19, Article 22, Chapter 8, Code of West Virginia, 1931, as amended, provides the Policemen's Pension Fund shall be maintained by an annual municipal levy of a tax sufficient to meet the full amount of estimated expenditures from the fund, plus a 10% reserve fund,

with credit to be given to the fund of "(a) all interest, if any, to be received in such year from the investments of the respective boards, (b) the amount of the contributions received during such year from the members of the respective paid police department or paid fire department, and (c) in the case of the policemen's pension and relief fund, the arrest fee of one dollar as provided for in section twenty [§ 8-22-20] of this article . . . ."

The budget estimate submitted by petitioner to respondents shows estimated disbursements of $130,939.76 plus the ten per cent reserve fund of $13,093.94, for a total budget of $144,033.70. This budget also shows anticipated receipts of interest earned of $4,000.00, and arrest fees of $12,000.00, and contributions of zero, for a total credit of $16,000.00. Petitioner claims the respondents are therefore required to levy taxes sufficient to provide the pension or relief fund with $128,033.70. It is agreed that the deductions from the salary or wages of the policemen for the fiscal year will amount to $43,707.73.

The sole issue involved here is whether the $43,707.73 should be considered as "(b) *the amount of the contributions received during such year from the members of the respective paid police department or paid fire department . . .*" (Emphasis added.), as set forth in Section 19, Article 22, Chapter 8, and as such should be credited against the budget estimate of petitioners. If this is to be credited, the municipality would be required to raise by levy $84,325.97; if this $43,707.73 is not to be credited, the municipality would be required to raise by levy $128,033.70. Respondents in their 1972-1973 budget allocated $100,000.00 as the municipality's payment into the fund.

The demurrer of respondents is overruled and this proceeding is considered upon the petition and answer.

The firemen's pension or relief fund was originated by Chapter 45, Acts of the Legislature, 1917, Regular Session. This act authorized municipalities to levy taxes to provide for the pension or relief fund and to accept gifts, grants, devises and bequests. However, members of

the fire departments were not required to pay into the fund, but were permitted to do so on a voluntary basis, such voluntary fund being used to increase the pension granted to such person.

The policemen's pension or relief fund originated by Chapter 44, Acts of the Legislature, 1923, Regular Session, which act amended Chapter 45 of the 1917 Acts, the firemen's pension fund, incorporating into said statute provisions for a policemen's pension or relief fund. Chapter 44, Acts of the Legislature, 1923, Regular Session, made it mandatory that the municipality "assess and collect" from each member the sum of one dollar per month rather than providing for a voluntary contribution of members to the pension fund. These acts, as amended, are now contained in Article 22, Chapter 8, and were last amended by Chapter 104, Acts of the Legislature, 1971, Regular Session, effective July 1, 1971.

As heretofore set forth, Section 19, Article 22, Chapter 8, Code of West Virginia, 1931, as amended, provides the manner by which the firemen's or policemen's pension and relief fund is to be maintained. The 1971 amendment pertinent to this proceeding, added the following: "(b) the amount of the contributions received during such year from the members of the respective paid police department or paid fire department, and (c) in the case of the policemen's pension and relief fund, the arrest fee of one dollar as provided for in section twenty [§ 8-22-20] of this article," as credits to be allowed against the fund in determining the amount of tax levy required to meet the statutory requirement of estimated expenditures plus the 10% reserve.

Prior to the adoption of the 1971 amendment, this Court had construed, Section 14, Article 16, Chapter 8, now Section 19, Article 22, Chapter 8, in *State ex rel. Board of Trustees of Policemen's Pension or Relief Fund of The City of Bluefield v. City of Bluefield*, 153 W.Va. 210, 168 S.E.2d 525 (1969). In that case, this Court held that any amount deducted from members' salaries and the arrest fee could not be credited against the amount

the municipality was required to levy for the policemen's pension or relief fund, and that only interest earned on investment could be credited. After the decision in the *Bluefield* case, the Legislature inserted the hereinbefore quoted provisions (b) and (c), thus allowing the credits negated by that decision.

The word "contribution" is variously defined in WORDS AND PHRASES, Permanent Edition, apparently dependent upon its use under the factual situation of the particular case; for example, as between joint tort feasors, or between co-insurers, or contributors to capital in a venture. "Contribution," is defined in BLACK'S LAW DICTIONARY as "The sharing of a loss or payment among several."

Various other retirement systems of this State use the word "contribution" as referring to money collected from members of the pension system; for example, State Policemen, Teacher's Retirement, Public Employees and Judge's.

It is the opinion of this Court in consideration of the history of the fund, the use of the word "contribution" in other retirement systems of this State, and the enactment of the 1971 amendments shortly after the decision of *State ex rel. Board of Trustees, etc. v. City of Bluefield, supra,* including the above-quoted credits designated (b) and (c), that the word "contributions" as used in Section 19, Article 22, Chapter 8, Code of West Virginia, 1931, as amended by Chapter 104, Acts of the Legislature, 1971, Regular Session, means and refers to the mandatory deductions made by the municipality from the salary or compensation of the members of the respective pension and relief fund. We find that these "contributions" shall be allowed as a credit against the amount of the annual municipal levy required to be made to meet the full amount of the estimated expenditure of the respective policemen's or firemen's pension and relief fund.

The writ of mandamus prayed for is refused.

*Refused.*