735 S.E.2d 711

MOUNTAIN AMERICA, LLC, a West Virginia Limited Liability Company, et al., Petitioners Below, Petitioners

v.

Donna HUFFMAN, Assessor of Monroe County, et al., Respondents Below, Respondents.

Mountain America, LLC, a West Virginia Limited Liability Company, et al., Petitioners Below, Petitioners

v.

Donna Huffman, Assessor of Monroe County, et al., Respondents Below, Respondents.

Nos. 11–1057, 11–1058.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 26, 2012.

Decided Oct. 19, 2012.

Robert S. Kiss, Heather Harlan, Michael E. Caryl, Bowles Rice McDavid Graff & Love, LLP, Charleston, WV, for Petitioners.

John F. Hussell, IV, Katherine MacCorkle Mullins, Dinsmore & Shohl, LLP, Charleston, WV, for Respondent, Assessor of Monroe County.

Paul Papadopoulos, David K. Higgins, Robinson & McElwee, PLLC, Charleston, WV, for Respondent, Monroe County Commission.

PER CURIAM:

In these consolidated cases, the petitioners herein, and petitioners below, Mountain America, LLC, et al. (hereinafter "Mountain America"),[1] appeal from orders entered by the Circuit Court of Monroe County on May 12, 2011. By those orders, the circuit court denied Mountain America's appeals from its *ad valorem* property tax assessments for tax years 2008 (Case Number 11–1057) and 2009 (Case Number 11–1058). In each case, the circuit court ruled that Mountain America's appeal was barred by *res judicata* because this Court previously had considered and decided the case of *Mountain America, LLC v. Huffman*, 224 W.Va. 669, 687 S.E.2d 768 (2009) (hereinafter *"Mountain America I"*), in which Mountain America unsuccessfully challenged its 2007 *ad valorem* property tax assessments regarding the same parcels of property as those whose assessments are contested in the 2008 and 2009 litigations. On appeal to this Court, Mountain America contends that the circuit court erred by applying the doctrine of *res judicata* to bar its appeals of its 2008 and 2009 *ad valorem* property tax assessments. Upon a review of the parties' arguments, the appendix records, and the pertinent authorities, we reverse the circuit court's rulings in both cases and remand both cases for reinstatement of Mountain America's claims for relief from its 2008 and 2009 *ad valorem* property tax assessments and consideration of the merits thereof.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The basic facts of these consolidated cases are not disputed by the parties. Mountain America is a land developer and has been involved in the development of a 1,000 acre residential community in Monroe County, West Virginia: Walnut Springs Mountain Reserve (hereinafter "Walnut Springs"). Most of the tracts within the development are owned by individual taxpayers, while Mountain America owns the residual tracts. Development of Walnut Springs began in 2004.

In 2007, the Monroe County Assessor, Donna Huffman, et al., the respondents herein, and respondents below (hereinafter "the Assessor"),[2] classified Walnut Springs as its own "neighborhood" because the properties in this development had sold for significantly more than the surrounding land in Monroe County. As a result, *ad valorem* property tax assessments for lots within the Walnut Springs "neighborhood" were significantly higher than those for parcels outside of the development and reflected a substantial increase over prior years' assessed values for Walnut Springs properties.

Mountain America and the individual taxpayers challenged the Assessor's 2007 *ad valorem* property tax assessments claiming that they were excessive and unequal, in violation of their right to equal and uniform taxation and their right to equal protection. They also claimed that the manner in which their appeals initially were heard and decided by the Monroe County Commission sitting as the Board of Equalization and Review (hereinafter "the Board") denied them their right to due process. After adverse rulings by the Board and the Circuit Court of Monroe County, Mountain America[3] appealed to this Court. In *Mountain America, LLC v. Huffman*, 224 W.Va. 669, 687 S.E.2d 768 (2009) (*Mountain America I*), we affirmed the circuit court's decision based upon our conclusions that Mountain America's constitutional rights had not been violated by the tax appeal review process or by the Assessor's creation of a new neighborhood reflective of

---

1. Numerous other, individual, taxpayers also were named as petitioners in the lower court proceedings. For ease of reference, "Mountain America" will be used to collectively refer to all petitioning taxpayers in the cases *sub judice.*

2. The Monroe County Commission is also a respondent to the cases *sub judice* and joins fully in the arguments advanced by the Assessor.

3. *See supra* note 1.

the "true and actual value" of the subject property.

Thereafter, Mountain America filed subsequent challenges contesting the Assessor's *ad valorem* property tax assessments of Walnut Springs properties for tax years 2008 and 2009. In these litigations, Mountain America essentially reiterated its constitutional complaints regarding the method of assessing the affected parcels that it had advanced in its unsuccessful 2007 tax assessment challenge: the manner of assessment violates the equal and uniform taxation constitutional mandate and otherwise violates the taxpayers' constitutional rights.

By succinct orders entered May 12, 2011, the circuit court summarily dismissed both of Mountain America's challenges. With respect to its 2008 tax year challenge, the circuit court ruled that,

> [a]fter a review of the Petition it appears the claims in this matter are identical to the claims in a previous proceeding before the Court. In Mountain America v. Donna Huffman, Assessor of Monroe County [sic], Case Number 07–C–30, the Court denied the Taxpayer's Appeal from Ad Valerom [*sic* ] Property Tax Assessment.
>
> . . . .
>
> The Court believes this case is controlled by the doctrine of *res judicata*. *Res judicata* requires that the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action. *Lloyd's[,] Inc. v. Lloyd,* 225 W.Va. 377, 693 S.E.2d 451 (2010).
>
> After a review of the Petition for Appeal in this case it appears that this matter has been previously ruled on and any subsequent litigation barred. Therefore, the Court concludes that the Taxpayer's Appeal from Ad Valerom [sic] Property Tax Assessment shall be denied and the County Commission's decision is affirmed.

Employing identical language, the circuit court similarly rejected Mountain America's appeal of its 2009 tax assessments.

From these adverse rulings, Mountain America appeals to this Court.

## II.

### STANDARD OF REVIEW

In both of these consolidated cases, Mountain America argues that the circuit court improperly applied the doctrine of *res judicata* to bar its tax assessment appeals. The application of *res judicata* to bar litigation involves a question of law, to which we accord a plenary review. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995). Mindful of this standard, we will consider the parties' arguments.

## III.

### DISCUSSION

On appeal to this Court, Mountain America assigns error to the circuit court's denial of its 2008 and 2009 tax assessment appeals as barred by *res judicata*. In rendering its rulings, the circuit court relied upon this Court's prior decision in *Lloyd's, Inc. v. Lloyd,* 225 W.Va. 377, 693 S.E.2d 451 (2010) (per curiam), which sets forth the elements of *res judicata*. Before this Court, the parties also base their arguments upon whether or not the elements of *res judicata* have been satisfied. However, such a lengthy discourse is not necessary to our resolution of the cases *sub judice* because we previously have addressed and decided the precise issue that is presently before the Court.

In the case of *In re United Carbon Co. Assessment,* 118 W.Va. 348, 190 S.E. 546 (1937), we were confronted with a nearly identical factual scenario: a corporate taxpayer unsuccessfully had challenged its tax assessment for a prior tax year and thereafter commenced new litigation to challenge, on similar grounds, its tax assessment for a subsequent tax year. Ruling that the taxpayer's second litigation was not barred by *res judicata,* we explained that

[s]ince the claim for taxes of one year is not the same claim as that for taxes of another year, the two causes of action (to use the accepted phrase in the law of *res adjudicata*) are not the same and the former judgment is not, in strictness, proper matter for a plea of *res adjudicata.*

*United Carbon,* 118 W.Va. at 350, 190 S.E. at 547. Accordingly, we held that

[t]he judgment of a circuit court rendered in a statutory proceeding brought by a taxpayer for the purpose of testing the validity of an *ad valorem* property tax is not *res adjudicata* of the same questions raised by the same taxpayer in a like proceeding for the purpose of testing the validity of a similar tax for a subsequent year, the demand for the tax in the subsequent year being a different demand from that for the former.

Syl. pt. 1, *United Carbon,* 118 W.Va. 348, 190 S.E. 546. *Accord* Syl., *Lane v. Williams,* 150 W.Va. 96, 144 S.E.2d 234 (1965) ("Plaintiffs in a civil action are not precluded, on the basis of *res judicata* or estoppel, from maintaining a second action against persons who were defendants in a former action, or who are in privity with parties defendant in the former action, where the causes of action alleged in the two actions are different and where none of the matters in issue in the second action were adjudicated in the former action."). *See also State ex rel. Board of Trs. of Policemen's Pension or Relief Fund v. City of Bluefield,* 153 W.Va. 210, 216–18, 168 S.E.2d 525, 529–30 (1969) (applying *United Carbon* holding to find that subsequent litigation was not barred by *res judicata), superseded by statute on other grounds as stated in State ex rel. Board of Trs. of Policemen's Pension Fund v. City of Wheeling,* 156 W.Va. 27, 190 S.E.2d 6 (1972); *Grace v. Klein,* 150 W.Va. 513, 516–17, 147 S.E.2d 288, 291 (1966) (same); *Cawley v. Board of Trs. of Firemen's Pension or Relief Fund,* 138 W.Va. 571, 583, 76 S.E.2d 683, 690 (1953) (same). *See generally* E.H. Schopler, Annotation, *Judgment in Tax Cases in Respect of One Period as Res Judicata in Respect of Another Period,* 150 A.L.R. 5 (1944 & 2011) (observing that majority of courts considering issue have concluded that decision of taxpay-

er's challenge to prior year's tax assessment does not serve as *res judicata* bar to same taxpayer's challenge to subsequent year's tax assessment concerning same property).

■ Applying this holding to the facts of the cases *sub judice,* we conclude that this Court's decision of *Mountain America I* does not operate as a *res judicata* bar to preclude the instant litigation. In other words, this Court's opinion in *Mountain America I* ruling upon Mountain America's challenges to its 2007 *ad valorem* property tax assessments does not foreclose Mountain America's right to now pursue similar challenges regarding its 2008 and 2009 *ad valorem* property tax assessments insofar as "the demand[s] for the tax in the subsequent year[s] [are] ... different demand[s] from that for the former." Syl. pt. 1, in part, *United Carbon,* 118 W.Va. 348, 190 S.E. 546. Accordingly, we reverse the circuit court's contrary ruling and remand each of these cases to the circuit court with directions to reinstate Mountain America's claims for relief from its 2008 and 2009 *ad valorem* property tax assessments and with further directions to consider the merits of each of these claims.

## IV.

### CONCLUSION

For the foregoing reasons, in Case Number 11–1057, the May 12, 2011, order entered by the Circuit Court of Monroe County is reversed, and this case is remanded for reinstatement of Mountain America's appeal of its 2008 *ad valorem* property tax assessment and consideration of the merits thereof. Furthermore, in Case Number 11–1058, the May 12, 2011, order entered by the Circuit Court of Monroe County also is reversed, and this case also is remanded for reinstatement of Mountain America's appeal of its 2009 *ad valorem* property tax assessment and consideration of the merits thereof.

Case Number 11–1057—Reversed and Remanded.

Case Number 11–1058—Reversed and Remanded.

Chief Justice KETCHUM dissents and reserves the right to file a dissenting opinion.

KETCHUM, Chief Justice, dissenting:

I believe the claims of the taxpayers should be barred by the doctrine of *res judicata* and collateral estoppel. I would, therefore, overrule the holding to the contrary in *In Re: United Carbon Company Assessment*, 118 W.Va. 348, 190 S.E. 546 (1937), and cases that rely on *United Carbon* disallowing the application of *res judicata* in these circumstances.