## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Edra L. Smiley and Brenda J. Watton,**
**Plaintiff and Third-Party Defendant Below,**
**Petitioners**

**FILED**

August 29, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0009** (Kanawha County 10-C-246)

**Norma Jean Saunders, Brian Miller, and Dennis**
**Rhodes, Defendants and Third-Party Plaintiffs Below,**
**Respondents**

### MEMORANDUM DECISION

Petitioners Edra L. Smiley and Brenda J. Watton, appearing *pro se*, appeal the December 4, 2013, order of the Circuit Court of Kanawha County that granted respondents partial summary judgment, ruling as follows: (1) a right of way exists over petitioners' 25.5 acre tract in favor of respondents' 13 acre tract; (2) the boundary between petitioners' 25.5 acre tract and respondents' 13 acre tract is as shown on the James L. Young plat and the Phillip A. Taylor plat; and (3) Petitioner Smiley is not entitled to an injunction prohibiting respondents from crossing the 25.5 acre tract. Respondents Norma Jean Saunders and Brian Miller, by counsel David R. Karr, Jr., filed a summary response.[1] Petitioners filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners are two sisters who own a 25.5 acre tract and a separate one acre tract of real property in Kanawha County, referred as to Parcels A and B. Respondents own the adjacent Parcel C which consists of 13 acres.[2] Petitioners assert that the only right of way respondents have to Parcel C is across Parcel B. Respondents counter that a separate right of way to Parcel C exists across Parcel A.[3]

---

[1] Dennis Rhodes was also a defendant below, but the record reflects that he has been dismissed.

[2] From the record, Respondent Miller appears to be Respondent Saunders's successor-in-interest.

[3] According to respondents, the right of way across Parcel B provides insufficient access to

1

The property dispute is long-standing. In No. 04-C-382, Petitioner Watton sued numerous parties including Respondent Saunders based on various legal theories concerning Parcels A and C. Petitioner Smiley was not a party to No. 04-C-382, but she testified as a witness for Petitioner Watton. On April 24, 2009, the circuit court granted a directed verdict on Petitioner Watton's claims to all remaining defendants including Respondent Saunders. In its order, the circuit court stated one of the reasons it was entering a directed verdict was that the court found Petitioner Smiley's testimony to be "inherently incredible." While Respondent Saunders filed a counterclaim alleging that a right of way to Parcel C existed across Parcel A, the court did not make a ruling with regard to the counterclaim.

In the instant case, No. 10-C-246, Petitioner Smiley sought an injunction against respondents to prevent them from crossing Parcel A to access Parcel C. Respondents filed a counterclaim against Petitioner Smiley and a third-party complaint against Petitioner Watton seeking monetary damages.[4] On September 27, 2010, Judge Zakaib (who was later recused from the case) indicated from the bench that he was granting Petitioner Smiley an injunction with regard to Respondent Saunders and questioned whether Respondent Miller would have a claim independent of Respondent Saunders's. However, Judge Zakaib entered no order.

After Judge Zakaib's recusal, Judge Sweeney was assigned to the case. At a July 24, 2014, status hearing, Judge Sweeney indicated that the circuit court's April 24, 2009, order granting a directed verdict in No. 04-C-382 could have a preclusive effect on the instant action and that the question presented "a threshold issue in the case." Judge Sweeney gave the parties thirty days to brief the issue of "the effect of the ruling in the 2004 case."

In an order entered December 4, 2013, Judge Sweeney found that the parties agreed that the doctrine of *res judicata* applied to bar one side's claims in the instant action based on the April 24,

---

Parcel C because "if it's wet, you can't do it[.]"

[4] Petitioners assert that Petitioner Watton's status as a third-party defendant is still undetermined. However, petitioners' assertion is not supported by the record. In its December 4, 2013, order, the circuit court referred to Petitioner Watton as the "third-party defendant" in at least three places, including one instance where the court noted that Petitioner Watton was made a party "by virtue of [respondents'] counter-claim/third-party complaint." Petitioners may be arguing that Petitioner Watton was not properly joined as a third-party defendant. If that is petitioners' argument, they fail to support it with any citation to pertinent authority including, but not limited to, Rule 14 of the West Virginia Rules of Civil Procedure, which governs third-party practice. Thus, we find any such argument is waived. *See State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."). Because petitioners also mention the concept of personal jurisdiction, this Court notes that Petitioner Watton is a co-owner of real property in Kanawha County and that petitioners' mere mention of personal jurisdiction does not constitute a viable argument that it was lacking. *See id.*

2

2009, order granting a directed verdict, but that the parties disagreed on which side's claims were precluded. According to petitioners, the fact that the circuit court did not make a ruling on Respondent Saunders's counterclaim meant that Respondent Saunders abandoned her claim that a right of way to Parcel C existed across Parcel A and, in effect, conceded that issue. Respondents countered that the issue raised in Respondent Saunders's counterclaim—the existence of the right of way—was also raised by Petitioner Watton in various counts of her complaint, in which she sought (1) an adjustment of the boundary between Parcels A and C, and (2) a repudiation of the existence of any road across Parcel A.

Judge Sweeney determined that it was respondents who correctly interpreted the preclusive effect of the 2009 directed verdict and, accordingly, granted respondents partial summary judgment, ruling as follows: (a) a right of way existed over petitioners' Parcel A in favor of respondents' Parcel C; (b) the boundary between petitioners' Parcel A and respondents' Parcel C is as shown on the James L. Young plat and the Phillip A. Taylor plat; and (c) Petitioner Smiley is not entitled to an injunction prohibiting respondents from crossing Parcel A. Judge Sweeney also (1) certified his order as a final judgment as to both the existence of the right of way and the boundary between Parcels A and C;[5] and (2) expressly specified that summary judgment was not granted as to respondents' claims for monetary damages against petitioners, which remain pending in the circuit court.

Petitioners now appeal the circuit court's December 4, 2013, order granting partial summary judgment to respondents. In Syllabus Point 1 of *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court held that "[a] circuit court's entry of summary judgment is reviewed *de novo.*" Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment is proper when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Also, the application of the doctrine of res judicata involves "a question of law[.]" *Mountain Am., LLC v. Huffman*, 229 W.Va. 708, 710, 735 S.E.2d 711, 713 (2012).

This Court finds that the circuit court's December 4, 2013, order, adequately explains why the 2009 directed verdict entered in No. 04-C-382 precludes petitioners' claims in the instant action; therefore, we address only those issues that were not refuted by the circuit court's order. First, petitioners argue that the circuit court did not have jurisdiction to enter partial summary judgment because (a) Petitioner Watton listed both No. 04-C-382 and No. 10-C-246 in her petition in her bankruptcy action in which she subsequently obtained a discharge in 2011; and (b) the 2009 directed verdict constituted a final judgment that respondents should not now be allowed to modify. We reject these arguments because (a) actions involving claims of a right of way over a bankrupt's real property are not "core" to the bankruptcy proceeding and, therefore, can be adjudicated in state court;[6] and (b) respondents are not attempting to modify a judgment that has

---

[5] *See* Rule 54(b), W.V.R.C.P.

[6] In *Barnett v. Dutch Run-Mays Draft, LLC*, Nos. 5:12-cv-01471 and -01472, 2013 WL 960183, at *7-9 (S.D. W.Va. March 12, 2013), the district court remanded such actions for adjudication in the Circuit Court of Greenbrier County, West Virginia. The district court found

become final, but, instead, argue that the prior judgment precludes the other side's claims (the same argument petitioners themselves make).

Second, petitioners argue that Judge Zakaib's oral pronouncement from the bench on September 29, 2010, constituted a final judgment that Judge Sweeney did not possess the authority to later vary. We find this argument lacks merit because "where a circuit court's written order conflicts with its oral statement, the written order controls." *Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 106 n. 5, 459 S.E.2d 374, 383 n. 5 (1995).[7]

Third, petitioners argue that their due process rights were violated because the circuit court heard the parties' pertinent arguments at a status hearing. Respondents counter that the circuit court properly granted them partial summary judgment. This Court finds that the transcript of the July 24, 2014, status hearing clearly reflects that the circuit court informed the parties that it determined that the preclusive effect of the 2009 directed verdict was a threshold issue and gave the parties thirty days to brief the issue of "the effect of the ruling in the 2004 case." Moreover, petitioners agree with the circuit court and respondents that the doctrine of res judicata applies; petitioners simply argue that it applies differently. Therefore, this Court concludes that petitioners' due process rights were not violated by the procedure the circuit court utilized in granting respondents partial summary judgment.

As to the application of the doctrine of res judicata, having reviewed the circuit court's "Order Granting Partial Summary Judgment," December 4, 2013, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions.[8] The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

---

that a remand was appropriate even though "any award of damages against [the bankrupt] will impair the rights and liabilities of its bankruptcy estate." *Id.* at *5. Therefore, we find that the part of the instant action that is currently on appeal is even less "core" to Petitioner Watton's bankruptcy than was the case in *Barnett* because the circuit court expressly specified that summary judgment was not granted as to respondents' claims for monetary damages against petitioners, which remain pending below.

[7] For example, in *Humphries v. Detch,* 227 W.Va. 627, 630, 712 S.E.2d 795, 798 (2011), Judge Eagloski indicated from the bench that he was going to deny the defendant's motion to dismiss, but entered no written order to that effect. Subsequently, after the case was transferred to Judge Spaulding, Judge Spaulding granted a renewed motion to dismiss. *Id.* On appeal, the plaintiff argued, in pertinent part, that the circuit court erred in reversing an earlier decision made in open court by a different circuit court judge. *Id.* at 629, 712 S.E.2d at 797. The Court rejected that argument, stating that it found "no merit to the Appellant's argument . . . that the circuit court abused its discretion and exceeded its legitimate powers of authority by reversing the earlier decision of Judge Eagloski." *Id.* at 630 n. 3, 712 S.E.2d at 798 n. 3.

[8] To the extent petitioners' other arguments are not subsumed in the arguments discussed herein, this Court finds that any such arguments do not warrant discussion.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Kanawha County and affirm its December 4, 2013, order that granted respondents partial summary judgment, ruling as follows: (1) a right of way exists over petitioners' Parcel A in favor of respondents' Parcel C; (2) the boundary between petitioners' Parcel A and respondents' Parcel C is as shown on the James L. Young plat and the Phillip A. Taylor plat; and (3) Petitioner Smiley is not entitled to an injunction prohibiting respondents from crossing Parcel A.

Affirmed.

**ISSUED:** August 29, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II