# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

IN RE: EXPUNGEMENT OF RECORD OF C.S.

FILED

August 29, 2025

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

No. 24-ICA-482  (Cir. Ct. of Hampshire Cnty. Case No. CC-14-2024-P-53)

## MEMORANDUM DECISION

Petitioner C.S.[1] appeals the Circuit Court of Hampshire County's November 8, 2024, order, which denied her petition for expungement of her misdemeanor conviction pursuant to West Virginia Code § 61-11-26 (2020). Respondent the State of West Virginia filed a response.[2] Petitioner did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September 2019, petitioner and her paramour were indicted by a grand jury for charges connected to the paramour's malicious assault of petitioner's husband with a baseball bat in the marital home in June 2019. As a result, petitioner was indicted for the felony offenses of conspiracy to commit malicious assault and accessory after the fact to malicious assault, as well as the misdemeanor offenses of falsely reporting an emergency incident and obstruction. Pursuant to a plea agreement, in November 2019, petitioner pled no contest to the misdemeanor offense of falsely reporting an emergency incident and her remaining charges were dismissed with prejudice. In January 2020, petitioner was sentenced to twenty days in the regional jail.

After discharging her sentence, petitioner filed a petition to expunge her misdemeanor conviction on February 3, 2021. *See* W. Va. Code § 61-11-26(a)(1).

---

[1] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in the case. *See* W. Va. R. App. P. 40(e)(1); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Petitioner is represented by Scott Harris, Esq., Slavey & Shumaker PLLC. Respondent is represented by Attorney General John B. McCuskey, Esq., and Senior Assistant Attorney General Michele Duncan Bishop, Esq.

1

Petitioner indicated that she was taking college courses to advance her degree, operating two businesses that she co-owns with her husband (victim), and that she sought the expungement because the conviction was impeding her ability to secure new employment as a nurse. Respondent filed its objection on March 15, 2021, based upon the seriousness of the incident and petitioner's failure to accept responsibility for her conduct.

By order entered on August 16, 2021, the circuit court denied the petition. Among its findings, the court found that petitioner's extramarital affair led to her husband's assault from which he sustained significant injuries, she did not accept responsibility for her actions, and that she failed to establish that the expungement was consistent with the public welfare. *See* W. Va. Code § 61-11-26(h) (2020).[3] Petitioner did not appeal this decision.

On October 8, 2024, petitioner filed a new petition, which again sought to expunge her misdemeanor conviction under the same statute. In support, petitioner included letters of support from members of the community and stated that she and her husband had reconciled, she took responsibility for her actions, and that she desired the expungement so that she could sit for the social worker licensing exam after completing her graduate degree in social work and obtain subsequent employment in the social work field. By order dated November 8, 2024, the circuit court summarily denied the 2024 petition. *See* W. Va. Code § 61-11-26(i)(4) (permitting a court to "[s]ummarily deny the petition if the court determines the petition discloses on its face or, based upon supporting documentation and sworn statements filed in opposition to the petition, discloses that the petitioner, as a matter of law, is not entitled to expungement.").

---

[3] West Virginia Code § 61-11-26(h) states:

The burden of proof shall be on the petitioner seeking an order of expungement to prove by clear and convincing evidence: (1) That the conviction or convictions for which expungement is sought are the only convictions for that specified offense or offenses against the petitioner in this state and that the conviction or convictions are not excluded from expungement by the provisions of this section; (2) That the requisite time has passed since the conviction or convictions or the completion of any sentence of incarceration or period of supervision as set forth in subsection (b) of this section; (3) That the petitioner has no criminal charges pending against him or her; (4) That the expungement is consistent with the public welfare; (5) That the petitioner has, by his or her behavior since the conviction or convictions, evidenced that he or she has been rehabilitated and is law-abiding; and (6) Any other facts considered appropriate or necessary by the court to make a determination regarding the petition for expungement.

In its order, the court found, among other things, that petitioner was not entitled to relief because the 2021 petition was previously denied and sought identical relief. This appeal followed.[4] On appeal, we review the matter under an abuse of discretion standard. Syl. Pt. 1, *In re A.N.T.*, 238 W. Va. 701, 798 S.E.2d 623 (2017) ("This Court reviews a circuit court's order granting or denying expungement of criminal records for an abuse of discretion."). However, a question of law in an appeal of an expungement proceeding is subject to a de novo standard of review. *See State v. A.D.*, 242 W. Va. 536, 540, 836 S.E.2d 503, 507 (2019) (relying on Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) for the proposition that de novo standard applied to question of law in appeal from order denying expungement); *see also Mountain Am., LLC v. Huffman*, 229 W. Va. 708, 710, 735 S.E.2d 711, 713 (2012) ("The application of *res judicata* to bar litigation involves a question of law, to which we accord a plenary review.").

In this appeal, petitioner contends that the circuit court abused its discretion when it denied her 2024 petition because the record shows that she met all the requirements for expungement under West Virginia Code § 61-11-26 (2020). Conversely, Respondent contends, and we agree, that under the particular facts of this case, the circuit court's denial of the 2021 petition precludes consideration of the current petition on the merits under the doctrine of res judicata. *See generally In re Perito*, 246 W. Va. 439, 874 S.E.2d 241 (2022) (affirming the circuit court's denial of a second petition for expungement on res judicata grounds).

With respect to res judicata, also known as claim preclusion, we apply the following three-factor test:

> Before the prosecution of a lawsuit may be barred on the basis of *res judicata,* three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same

---

[4] In addition to finding that the 2024 petition was precluded by the court's earlier denial of the 2021 petition, the circuit court also made a separate finding that the 2024 petition was likewise barred by West Virginia Code § 61-11-26(o) (2020) ("Notwithstanding any provision of this code to the contrary, a person may only obtain the relief of expungement afforded by the provisions of this section and § 61-11-26a of this code once."). On appeal, the parties agree that this statutory provision does not apply to this case because the 2021 petition was denied, and therefore petitioner did not receive prior expungement relief as required by the statute. The Court joins in that assessment. However, the court's order also implicitly denied the 2024 petition on res judicata grounds. *See Rowe v. Grapevine Corp.*, 206 W. Va. 703, 713 n.22, 527 S.E.2d 814, 824 n.22 (1999) (analyzing circuit court's preclusion-based dismissal under res judicata despite circuit court not using the term "res judicata"). Because we conclude that was a proper determination, petitioner is not entitled to relief on appeal.

3

parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997).

The first prong of this test requires a final adjudication on the merits by a court that has jurisdiction. These requirements are clearly met in this case. It is undisputed that the circuit court entered an order denying the 2021 petition on the merits, and that the matter was heard before the court with jurisdiction over the matter. *See* W. Va. Code § 61-11-26(a)(1) ("a person convicted of a misdemeanor offense or offenses may . . . petition the circuit court in which the conviction or convictions occurred for expungement[.]").

Next, we conclude that the second prong, requiring that the two actions involve the same parties or parties in privity, is also satisfied. As plainly evident from the record, the parties in the 2021 and 2024 petitions are identical.

The third and final prong of the test is whether the causes of action in the two proceedings are identical. When considering this factor, our state's highest court has explained:

For purposes of res judicata, a "cause of action" is the fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief. The test to determine if the issue or cause of action involved in the two suits is identical is to inquire whether the same evidence would support both actions or issues. If the two cases require substantially different evidence to sustain them, the second cannot be said to be the same cause of action and barred by res judicata.

*White v. SWCC*, 164 W. Va. 284, 290, 262 S.E.2d 752, 756 (1980) (cleaned up).

Petitioner attempts to distinguish the petitions by contending that the court could not rely upon its order denying the 2021 petition because that decision was based on "the facts presented in 2021." However, petitioner fails to support her assertion with sufficient analysis, citations to the record and pertinent legal authority.[5]

_____

[5] At best, this contention is merely a skeletal argument, which lacks any reasonable specificity or meaningful explanation. *See State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quotations and citations omitted) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim."); *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and

4

We conclude that this final element is also satisfied. The facts surrounding the 2021 and 2024 petitions are the same. Namely, both petitions sought expungement of the same misdemeanor conviction and similarly state that petitioner has furthered her education and requests the expungement for employment purposes. Moreover, because the 2021 and 2024 petitions were both subject to ruling under same version of West Virginia Code § 61-11-26, it cannot be said that petitioner was required to present "substantially different evidence" to meet her burden of proof. We also note that a circuit court may grant in its inherent authority, absent statutory authority, an expungement where extraordinary circumstances exist; however, in the case before us, no such evidence was presented as the petitions were identical, no difference in the merits. Syl. Pt. 1, *State ex. rel. Barrick v. Stone*, 201 W. Va. 569, 499 S.E.2d 298 (1997).

For the reasons stated, we cannot conclude that the circuit court's disposition was an abuse of discretion, and therefore we affirm the circuit court's November 8, 2024, order.[6][7]

---

those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal."); W. Va. R. App. P. 10(c)(7) ("The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. . . . The Intermediate Court . . . may disregard errors that are not adequately supported by specific references to the record on appeal.").

[6] In a parallel argument, petitioner contends that the circuit court abused its discretion by summarily denying the 2021 and 2024 petitions without holding a hearing on the petitions. We decline to address any challenge to the 2021 petition as time barred. Further, because we have determined that the circuit court was within its discretion to summarily deny the 2024 petition, we need not address this argument.

[7] While the circuit court's order does not expressly state that it is applying the doctrine of res judicata to this case, we find that its application is supported by the record. *See* Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965) ("This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.").

However, to clarify the scope of the Court's review in future appeals, lower courts should either expressly find that res judicata applies or alternatively, make specific findings of facts to illustrate the substantial similarities shared between the present case and prior action(s) so as to imply that the court is relying upon claim preclusion as the basis for its ruling. This same rationale equally applies to a court's application of collateral estoppel (issue preclusion).

5

Accordingly, we affirm.

Affirmed.

**ISSUED:** August 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

6